## BATES v. THE BRANCH BANK AT MOBILE.

1. An endorser is not a surety within the meaning of the act for the relief of securities, Aik. Dig. 385, nor entitled to the benefit of the 6th section of that law; although such endorsement was made for the accommodation of the maker of the note.

2. In summary proceedings authorizing judgment on motion, the record must show affirmatively that the Court had jurisdiction; nor is this dispensed with by the appearance of the party.

Error to the Circuit Court of Mobile county.

THIS action was commenced at the Fall term, 1838, of the Circuit Court for Mobile county, by the Bank, by a notice which issued the 20th of August preceding, against the plaintiff in error, as endorser of a promissory note. The bank obtained judgment.

From a bill of exceptions taken by the defendant during the trial of the cause, it appears that the defendant, on the 17th April, 1837, gave the Bank notice in writing, that he was an accommodation endorser merely, on the note which was due and under protest, and requiring suit to be commenced. It was in evidence, that no Circuit Court was held in April, 1837, and no Circuit Court in June, 1837, for Mobile county. That a notice was issued to the Fall term, 1837, but no return or any proceedings had thereon.

The defendant moved the Court to charge the jury, that if they believed the facts stated in the notice to be true, and that it was given to the Bank, and that the Bank did not commence suit until the Fall term, 1837, which was in no manner

prosecuted, and no further proceedings had until the present term of the Court, that, that was not such a commencement and prosecution of the parties to the note, as will authorize them to sustain a suit against the defendant. And also, that if the note was given, and the facts stated in it true, that it was the duty of the bank to commence suit in a reasonable time. The third charge moved for, is in substance the same as the first. These charges the Court refused to give, and charged the jury that, unless the Bank required Bates to endorse the note, and knew that he did so without consideration, when the same was taken, the Bank was not required to commence and prosecute a suit, notwithstanding the notice, and the requirement therein contained.

To the refusal to charge, and to the charge given, the defendant excepted, and now assigns the same as error—and also, that it is not shewn by the record that the Court had jurisdiction.

CAMPBELL, for plaintiff in error.

ORMOND, J.—The question presented on this record, depends on the proper construction of a statute for the benefit of sureties, Aik. Dig. 385. "When any person or persons shall become bound as security by bond, bill, or note for the payment of money or any other article, and shall apprehend that his or their principal or principals is, or are likely to become insolvent, or to migrate from this State, without first discharging any such bond, bill, or note, it shall be lawful for such security or securities in every such case, provided an action shall have accrued on such bond, bill, or note, to require by notice in writing of his or their creditor or creditors forthwith to put the bond, bill, or note by which he or they may be bound as sureties as aforesaid in suit; and unless the creditor or creditors so required to put such bond, bill, or note in suit, shall in a reasonable time commence an action on such bond, bill, or note, and proceed with due diligence in the ordinary course of law, to recover judgment for and by execution to make the money due on such bond, bill, or note, the creditor or creditors so failing to comply with the requisition of such

security or securities, shall thereby forfeit the right which he or they otherwise would have had to demand and receive of such security or securities the amount which may be due by such bond, bill, or note.

The counsel for the plaintiff in error maintains that, the endorser of a note, is a surety, and that the plaintiff in error is therefore entitled to the benefits guarantied to sureties by the statute just cited.

There can be no doubt that each subsequent party to a bill, or note, is a surety for every preceding one; as he undertakes that if they do not pay the bill or note on demand at its maturity, that upon receiving legal notice of that fact, he will pay it. It results from this, that an agreement, on sufficient consideration, made by the holder, with any party to a bill or note, by which he disables himself from suing, or from collecting the amount, if matured into a judgment, will discharge all the subsequent parties. (English v. Darley, 2 Bos. & Pul. 51; Currie v. The Bank of Mobile, 8 Por. 360.) At common law therefore, an endorser is a surety, as to all those who stand before him on the paper, and is entitled to all the benefits which that relation confers, so far at least as to be protected against any contract which the holder may make, with any previous party to his prejudice or for delay.

The plain object of the statute we are considering, was to give a more ample remedy to a surety, than as such merely, he had at common law; and the precise question here is, whether *endorsers* were within the contemplation of the Legislature, and embraced in the general term "securities." It is impossible, we think, to affirm this proposition. The whole scope of the statute forbids such an interpretation. Thus, the 5th Sec. Aik. Dig. 385, which is the third in the original law. Toulmin Dig. 451, provides that no "security" shall distress his principal, by confessing judgment, or by suffering judgment to go by default, if the principal would enter himself defendant to the suit, and indemnify the "security" against loss. Now it is highly improbable, that this section was intended to apply to an endorser; no other party to a bill or note could become a co-defendant, without doing such violence to the rules of pleading, that we cannot presume the Legislature in-

tended it, without an express declaration to that effect. Again, by the 4th section of the same act, it is provided, that where judgment shall be rendered against one or more " securities," he or they may, on motion, cause a judgment to be entered against all the parties to the instrument, for their respective shares or proportions of the debt or damages. As there can be no contribution between endorsers, though they may have all endorsed for the accommodation of the drawer, and one alone is compelled to pay the debt, it follows that endorsers are not included in the provisions of this section. The remarks made in reference to the 4th and 5th sections, apply with equal force to the three preceding sections of the original law, as found in Toulmin's Dig., and as endorsers were clearly, not within the contemplation of the Legislature in the five first sections of the act, we cannot infer that they were intended to be embraced by the same general term " security" employed in the sixth section, even if there was nothing in that section to repel the presumption, that such was the intention. But, upon an examination of the 6th section, which is cited at length in the commencement of this opinion, it will appear that the Legislature used the term "security" in its popular sense of a surety, bound by the same instrument, and on the same conditions with the principal, as is most obvious from the language employed, "bound as security or securities on any bond, bill, or note." Now, with no propriety of language could two or more endorsers be said to be bound as " securities." Each it is true would stand in the relation of a surety, to other parties on the paper, but as between themselves, the relation of principal and surety would not exist; yet the statute evidently contemplates a community of interest between the sureties, upon whom the benefit is designed to be conferred.

Again, it may be observed that a surety is permitted to recover of his principal, not only the debt and interest thereon, which he may have been compelled to pay, but also the costs or suit; but an endorser who may have been compelled to pay by suit, cannot recover the costs of such suit of any prior party on the bill or note.

Upon the whole, we are satisfied that the Legislature did not contemplate endorsers as sureties, to be entitled to the

remedy conferred by the statute. Such an interpretation is not warranted by its terms: and so many and such great difficulties would occur in practice, by supposing endorsers to be included in the term securities, that we do not think they are within the spirit, as they certainly are not within the letter of the law.

Having attained the conclusion, that an endorser of a note or bill, is not a surety within the meaning of the statute in question, it is unimportant that the indorsement was not made for value, but for the accommodation of the maker of the note, although some stress appears to have been laid on that circumstance in the Court below. Whatever influence that fact might exert as between the endorser and the maker of the note, it can have no effect as between the holder and endorser considered in reference to any right given to a surety by this statute.

The view here taken of the statute, renders it unnecessary to consider the other questions made by the bill of exceptions.

But the record does not disclose that the certificate of the President of the Bank was produced, showing that the note on which the suit is founded, was the property of the Bank, and it does not therefore appear that the Court had jurisdiction to render a judgment in this summary mode.

It has been repeatedly held by this Court, that this fact must appear in the record, and is not waived by the appearance of the party. [See Bates v. The Planters and Merchants Bank, S Porter 99.; Curry v. The Bank of Mobile, ibid 373.]

For this error the judgment must be reversed and the cause remanded.