## SPENCE v. BARCLAY.

1. The doctrine of contribution does not apply as between accommodation indorsers; consequently, in the absence of an express or implied agreement changing the liability of indorsers *inter se*, they are bound to pay in the order in which their names appear on the paper.

2. In an action of assumpsit, at the suit of a subsequent against a prior indorser, to authorise the admission of the note as evidence, it is sufficient to prove the signature of the maker and the defendant; and the recital in a joint judgment rendered upon the note at the suit of a Bank against the defendant, the plaintiff and maker, are evidence in such an action to charge the defendant.

3. In an action by a prior against a subsequent indorser, who has been compelled to pay the note, a declaration which alledges the making of the note, its indorsement, protest for non-payment, and notice to the defendant, and thence deduces his liability, if sustained by proof, entitles the plaintiff to recover; *especially* if a count is added for money paid, laid out and expended.

Writ of Error to the Circuit Court of Talladega.

THIS was an action of assumpsit, at the suit of the defendant in error against the plaintiff, to recover money which had been paid by the former, but for which the latter was primarily liable. From a bill of exceptions sealed at the trial, it appears that the plaintiff below produced a promissory note made by Simeon Douglass, on the 18th Dec. 1839, for the payment of three hundred and twenty-two dollars and fifty cents, one hundred and

twenty days after date, to the order of the defendant, " for value received, negotiable and payable at the Branch of the Bank of the State of Alabama, at Decatur." This note was indorsed thus : " Solomon Spence, H. G. Barclay," and the hand-writing of the maker and defendant was both proved. The defendant objected to its admission as evidence, but his objection was overruled.

The plaintiff then offered to read a duly certified transcript of a judgment recovered upon the note above described by the Branch Bank at Decatur against both the plaintiff and defendant, in the County Court of Morgan. The judgment entry in that case recites, that the note was indorsed by the defendant to the plaintiff, and by the latter to the Branch Bank; that it was at maturity presented at the Bank for payment, which was refused ; and that it " was then and there protested for non-payment, of which the said indorsers then and there had notice."

It was further proved by the plaintiff, that in the winter or spring of 1843, an execution issued on the judgment in favor of the Bank came to the hands of the coroner of Talladega, that the plaintiff and defendant disputed with each other as to their respective liabilities to pay the same. The plaintiff insisted that the defendant should satisfy it *in toto*, and the defendant contended that they were equally liable, and should each pay one-half. In the summer of 1843, another execution came into the coroner's hands, and the plaintiff and defendant each paid one-half of it, under an agreement that they should leave it to some Court to decide the question of their liability respectively. The witness inclines to think that it was to the Circuit Court of Talladega, then in session.

This was all the evidence in the cause, and the Court charged the jury, that the plaintiff could not recover unless the evidence showed that the note had been duly protested, and notice thereof given in due season to the defendant. The Court, however, remarked, that the judgment entry was *prima facie* evidence that the protest had been made, and notice regularly given.

The defendant then prayed the Court to charge the jury, that if they believed the evidence that had been adduced, they should find for the defendant ; this charge was refused. The several questions raised upon the bill of exceptions are duly reserved for revision.

T. D. CLARKE, for the plaintiff in error.—The recitals in the judgment in favor of the Bank, either alone, or assisted by the parol evidence, do not support the allegations of the declaration, but are actually variant. The judgment in that case did not establish a protest and notice, and the charges prayed should have been given.

. W. P. CHILTON, for the defendant, insisted, that the defendant was primarily liable to satisfy the execution of the Bank, as he was the first indorser of the note, and the evidence was sufficient to warrant the finding of the jury, upon the issue submitted to them.

COLLIER, C. J.—In Brahan & Atwood v. Ragland, et al. 3 Stew. Rep. 247, and several subsequent decisions, it is held that the doctrine of contribution does not apply as between accommodation indorsers, unless there was an express or implied agreement to bear parts of the loss as joint sureties, in the event of the inability of the maker, or drawer to pay. The record in the present case does not show whether the parties were indorsers for value, but if necessary to indulge presumptions, such would be the natural inference. This, however, is immaterial, for in the absence of an express or implied agreement changing the liability of indorsers *inter se*, they will be bound to pay in the order in which their names appear on the paper ; and this, as we have seen, although they may have indorsed for the accommodation of the maker, or some other person.

The proof of the genuineness of the signatures of Douglass and the defendant was certainly quite sufficient to authorize the Court to allow the note indorsed by the parties, to go in evidence to the jury.

The record of the judgment and proceedings at the suit of the Bank was competent evidence, and the recitals in the judgment entry, so far as they tended to make out the plaintiff's case, were quite as satisfactory, as if the same facts were testified by witnesses examined in Court. It was not allowable for the defendant, after having acquiesced in the judgment and paid a part of it, and insisted upon the plaintiff's paying the residue, in satisfaction of a joint execution against them, to object that the judgment was

obtained upon insufficient evidence, and thus put in litigation the facts concluded by it.

In addition to the effect of the judgment, the conversations between the parties in respect to the execution while it was in the coroner's hands, and the agreement under which it was satisfied, would, even in an ordinary case, be admissible to show, that the defendant had been duly charged by notice of the maker's default.

The declaration states the making of the note, its indorsement, protest for non-payment and notice, and thence deduces the defendant's liability as indorser. A count is also added for money paid, laid out and expended. We are satisfied, that upon the proof, the instruction to the jury was correct, and that there is no error in refusing to give the charge prayed. The judgment is consequently affirmed.