# BRANCH BANK AT DECATUR v. DOUGLASS.

1. The clause in the charter of the Decatur Branch Bank, which makes it unlawful for a member of the general assembly to become indorser for any other person, does not discharge a member from liability on a note to which he is a surety.
2. The act of 1840, only makes it unlawful for a member to be the indorser or surety of a note *discounted* by the State Bank or any of its Branches, which is not *his own paper*, or *for his own benefit*, and a plea in avoidance of a note, signed by a member, as surety, is bad, if it does not negative these facts.

Writ of Error to the County Court of Morgan.

Motion by the Bank, to have judgment against Douglass for the amount of a promissory note dated at Florence, Ala. October 14, 1840, payable to the Bank six months after its date, for $802 80, executed by one Bromley as principal, and by Douglass and one Carrol as sureties.

The defendant pleaded—1. *Non assumpsit.* 2. *Actio non*, because he says that he, the defendant, at the time of making, &c. to wit: on the 14th day of October, 1840, was a member of the General Assembly of the State of Alabama, to wit: a member of the House of Representatives of the General Assembly of the State of Alabama, from the county of Lauderdale in said State, and this he is ready to verify; wherefore, &c.

The Bank demurred to the last plea, and the court overruling the demurrer, gave judgment for the defendant.

This is now assigned as error.

L. Pryor, for the plaintiff in error, [insisted that the statute which prohibits members of the assembly from being sureties, is directory only, and does not avoid the security.

D. C. Humphreys, contra.

GOLDTHWAITE, J.—1. Our attention has not been specifically called by the counsel on either side to the enactments supposed to bear on this cause; but we presume the tenth section of the charter of the Decatur Branch, and the act of 1840, are those referred to. The first of these provides, that "it shall not be lawful for the President, directors, or cashier, or other officer of said Branch Bank, or any member of the general assembly, to become indorsers for each other, or any other person or persons, to the said Branch Bank." [Dig. 96, § 10.] The other directs—1. That "it shall not be lawful for any member of the general assembly to become indorser, or acceptor of any bill, negotiable at the Bank of the State of Alabama, or any of the Branches thereof, unless on his own paper, and for his own benefit. 2. No member, &c. shall be security or indorser, except as prescribed in the first section on any note discounted by the said State Bank, or any of the Branches thereof." [Dig. 111, §§ 41, 42.]

The section quoted from the charter, may be dismissed with the remark, that it does not *in terms*, include a mere surety, and therefore the construction, when invoked to destroy a contract, must be, that only such as are specified were intended to be prohibited, even if it was conceded this provision of the charter would discharge a member of the assembly, or other of the designated officers, from liability upon a note or bill indorsed by them· In Bates v. The Branch B'k at Mobile, 2 Ala. Rep. 689, we held that sureties and indorsers were not equivalent terms, within the acts for the relief of sureties, and the reason is equally strong against considering them so in the present case.

2. Independent of this, it is very clear the act of 1840 repeals, to some extent, the inhibition of the charter, while at the same time it extends the prohibition against members of the assembly becoming sureties or indorsers, unless on *paper for his own benefit;* but then only when the paper is *discounted* by the bank. If then, it is supposed the principle decided in Bates & Hines v. The State Bank, 2 Ala. Rep. 451, does not cover this case, as to which, at this time we express no opinion, it is evident the plea is defective in not averring that

the note was *discounted* by the Bank, and not executed by the defendant as his own paper, and for his own benefit. The only fact averred is, that at the execution of the note, the defendant was a member of the general assembly, but this alone does not entitle him to raise the question of invalidity, (if it is conceded he might do so under particular circumstances,) because the note may have been received in some other way than being *discounted*, or it may have been his own paper, or for his own benefit. The demurrer to the plea, instead of being overruled, should have been sustained.

Judgment reversed and remanded.