## FOSTER v. STAFFORD.

1. An indorser of a note, agreed in writing, on the back of the note, "I bind myself, and my representatives, not to take advantage of the statute, by which indorsers are relieved from liability after the first court, ensuing the maturity of the note." Held, that the true interpretation of this contract, was, that the indorser dispensed with the bringing of suit, to the first court to which it might be brought, and with the prosecution of the maker to insolvency, as required by the statute of 1828, and that its terms could not be varied by parol proof.

Error to the Circuit Court of Tuscaloosa. Before the Hon. T. A. Walker.

ASSUMPSIT by the defendant in error as indorsee, against the plaintiff in error as indorser of a promissory note. For the facts of the case see the opinion of the court.

E. W. PECK, for the plaintiff in error.

In the case of Bates v. Ryland, 6 Ala. 668, 671, it is decided, that two conditions are imposed on the holder of a note, not payable in bank, before an indorser can be charged. 1. A suit to the first court after maturity, or indorsement, must be brought against the maker. 2. That the maker shall be prosecuted to insolvency. If the first of these conditions be waived, the holder is in no manner relieved from a compliance with the second. If the first of these conditions be waived, the question arises, when must the second be performed? That is, when must suit be brought by the holder? I answer, within a reasonable time after the first court has passed; or if the indorser wishes to hasten the holder, in such case the holder would be bound to sue, on the request of the indorser, and with reasonable diligence prosecute the maker to insolvency—if he neglect in the one case, that is, to sue within a reasonable time, or refuses in the other, that is, to sue on request, the indorser would be dis-

charged. See the case of Bradford v. Bishop, at this term, and the cases there cited.

I refer the court to the following cases on the subject of irregular indorsements. 5 Ala. R. 380; Jordan v. Garnett, 3 Ib. 610; Pollard v. Murrell, 6 Ib. 661; Ib. 749; 11 Ib. 634.

P. & J. L. Martin, contra.

1. To fix the liability of an indorser of assignable paper, such as the note in controversy, two conditions are to be performed—the first, that he bring suit to the first court of the county of the residence of the makers. Second, that he prosecute the same to a return of "no property found," on the execution.

2. If by the agreement of the indorser, the first requisition of the statute is waived, the indorsee, although required to perform the second condition, before the liability becomes so fixed as to enable him to maintain an action against the indorser; yet that he may perform that condition at any time within his own discretion. See Bates v. Ryland, 6 Ala. R. 668.

3. That the indorsee is under no obligation to bring the suit necessary to fix the liability of the indorser, upon his request to do so, either in writing or otherwise. That the indorser does not occupy the position of a security, and hence is not entitled to the benefit of the statutory, or the common law right, to demand that suit be brought against the maker of the note, or that he will be discharged. See 2 Ala. Rep. 689.

4. Having waived the prompt course of fixing his liability required by the statute, the indorser cannot complain of the delay of the indorsee to do so; and if he apprehend danger of the insolvency of the makers of the note, his plain course is, to pay the indorser the money, and proceed with the collection himself. He stands in the condition of an indorser of commercial paper, after his liability is fixed by protest and notice. It has been decided by this court that one occupy-

ing that situation, although an accommodation indorser, cannot compel the holder to sue any of the parties to the bill. 3 Ala. R. 610; Ib. 648; 2 Ala. 689, 306, 736; 4 Ala. 394, dissenting opinion C. J.; 5 Ala. 380; 6 Ala. 668, 420.

CHILTON, J.—The plaintiff in error indorsed the note made by Donoho & Payne to him, for $480 07, to the defendant, in consideration of the sale of a slave, and at the time of indorsing the same, made this further agreement on the back thereof. "I bind myself, and my representatives, not to take advantage of the statute by which indorsers are released from liability after the first court ensuing the maturity of this note. (Signed,) J. J. Foster." The note was so indorsed on the 20th January, 1842, and fell due the day following. The indorsee did not sue upon the note until the 8th of March, 1845; obtained judgment on the 22d September of that year, and caused execution to be duly returned "no property found," &c. A witness introduced by plaintiff in error, proves that at the time of the indorsement said plaintiff agreed with Stafford, that he would take no advantage of him, if he did not sue the makers to the first court. The proof conduced to show that in September, '42, the plaintiff in error urged Stafford to collect said note. That Stafford then demanded payment of the makers, and received one hundred dollars upon the same. It was further proved by the admission of Stafford, that in the spring of 1843, and the fall of the same year, the plaintiff in error instructed him to sue upon said note. The makers of the note were shown to be able to pay the same, after such instruction to sue was given. That they were solvent up to the spring of 1845. This being all the proof, the court was asked to charge the jury, that if they believed all the evidence, their verdict should be for the defendant below. This charge was refused, and the court charged, if they believed the evidence offered by the defendant below, it constituted no defence to the action. To the refusal to give the charge asked, and to the charge given, the plaintiff in error excepted, and assigns the same for error in this court.

What is the effect of this contract of indorsement? In every regular indorsement under the statute, the law makes the liability of the indorser to depend upon two conditions. 1st. The indorsee must sue the makers to the first court to which the suit can be brought. 2d. There must be an execution returned no property found, &c. In Bates v. Ryland, 6 Ala. Rep. 667, it was held, the waiver of the first of these conditions did not relieve the holder from a compliance with the second. Anterior to the passage of the act of 1828, indorsed promissory notes were placed upon a footing with inland bills of exchange. Digest, 381, § 6. In lieu of demand and notice, the act of 1828, (Dig. 383, § 12,) imposes the conditions above referred to, and enacts that notice of non-payment shall only be required on bills of exchange and notes payable in bank, so that if the plaintiff in error has waived both the conditions which the act of 1828 imposed upon the assignee as pre-requisites to his right to recover, he is not entitled to notice of non-payment on the part of the makers, but is liable to the same extent he would have been under the law merchant, if he had waived demand and notice. Woodcock v. Campbell, 2 Porter's R. 456. The material question in this case, and the one upon which the correctness of the judgment depends, is this—did the plaintiff in error, by the indorsement above copied, waive the performance of both the conditions required by the statute to fix his liability? If he did, the judgment of the circuit court is clearly correct.

It is an elementary and familiar principle of law, that where a written instrument is unambiguous in its terms, parol proof shall not be received to vary it. This rule has its exceptions, as in cases of fraud, mistake, &c., but none of the exceptions apply in the present case. The court then might very properly have disregarded the parol proof of Donoho, (the witness,) as to the terms of the contract of indorsement, and have looked alone to the written agreement. Duprey v. Gray, Minor's Ala. R. 357; Ib. 270; Ib. 363; 3 Stew. R. 140; 5 Por. 498; 1 Ala. 161; Ib. 436; 2 Ib. 280; 5 Ib. 521; 3 Phil. Ev. C. & H. Notes, 1460.

Laying out of view the parol proof, which says the agreement on the part of the plaintiff in error was, to waive the

statutory requisition of bringing suit to the first court, and looking alone to the written contract, it is, we think, too clear to admit of serious controversy, that the party waived both the conditions imposed by the statute. The language is, "I bind myself and my representatives not to take advantage of the statute." What statute? "The statute by which indorsers are released from liability after the first court ensuing the maturity of this note." The only plausible question upon this indorsement is, whether it sufficiently describes the statute, the benefit of which is waived. We think it does, and that the plaintiff in error bound himself to dispense with the bringing of suit to the first court to which it might be brought, and with the prosecution of the makers of the note to insolvency, as required by the statute of 1828, which is the only one applicable to the case. Had Foster, by the agreement, waived the statute only so far as respected the sueing to the first court, then, under the decision of Bates v. Ryland, above referred to, the defendant in error would have been required to prove he had complied with the other condition, viz: that he had used due diligence thereafter in prosecuting the makers to insolvency. The case of Bradford v. Bishop, at the present term, would then have been applicable upon the question of diligence. But to allow the plaintiff in error to defeat a recovery by invoking the aid of a statute, of which, by a valid contract, he has *expressly stipulated he will not take advantage*, would be to disregard the agreement, as well as, the plain behests of both law and morals.

In Bates v. The Branch Bank at Mobile, 2 Ala. Rep. 689, it was held, that an indorser is not a surety within the meaning of the act for the relief of sureties, (Clay's Dig. 532, § 6,) nor entitled to the benefit of that law, although he may have indorsed for the accommodation of the maker, so that no benefit can be claimed under this statute by the plaintiff in error, for the failure of Stafford to sue when instructed. But if the indorser was to be held as a security, the view we have taken of the agreement, is a full answer to the want of diligence, inasmuch, as by the terms of the contract, such suit was dispensed with.

We have not deemed it important to notice the various

decisions of this court, made upon irregular or imperfect indorsements, as the view we take of this case renders them inapplicable.

Let the judgment of the circuit court be affirmed.