STODDER, Executor, *vs.* CARDWELL.

1. An accommodation endorser of a bill of exchange is not entitled to a summary judgment, on motion against his principal, under the act of 1821, (Clay's Digest, 531, § 3.)

Error to the Circuit Court of Tuskaloosa.

Tried before the Hon. John D. Phelan.

This was a motion for a summary judgment by Cardwell against the plaintiff in error, as executor of James J. Foster, deceased. The notice alleged that Cardwell endorsed a certain bill of exchange, which is particularly described, for the accommodation of said Foster, the drawer; that judgment was afterwards rendered against him on said endorsement, and execution issued thereon, and that he had been compelled to pay the amount of said execution to the sheriff. Judgment by default was rendered against the plaintiff in error, to reverse which he prosecutes this writ of error.

P. & J. L. MARTIN, for plaintiff in error.
MOODY, *contra*.

CHILTON, J.—The only question which is presented by this record is, whether one who endorses a bill for the accom-

modation of the drawer, and who has been compelled to pay the same by suit, is a security within the meaning of the first section of the act of 1821, so as to be entitled to the summary remedy which the law provides for sureties. The section referred to reads as follows: "In all cases where judgment shall be entered up in any court of record, or by any justice of the peace, against any person or persons as security or securities, their executors or administrators, upon any note, bill, bond or obligation, and in all cases where execution shall be awarded by, or issued from any of the courts of record, or any justice of the peace, against any person or persons as security or securities, his, her, or their heirs, executors, or administrators, upon any bond, obligation, or recognizance, and the amount of such judgment or obligation, or any part thereof, hath been paid or discharged by such security or securities, his, her, or their heirs, executors, or administrators, it shall be lawful for such security or securities, his, her, or their heirs, executors, or administrators, to obtain judgment by motion against such principal obligor or obligors, recognizor or recognizors, his, her, or their heirs, executors, or administrators, in any court, or before any justice of the peace, where such judgment may have been entered up, and execution awarded against such security or securities, his, her, or their heirs, executors or administrators, for the full amount which may have been paid, with interest thereon from the time the same shall have been paid and satisfied, until such judgment shall be discharged." Clay's Digest, p. 531, § 3.

Upon comparing this section of the statute with the succeeding sections, in which the same language occurs, we think it is exceedingly clear that by the term "security or securities upon any note, bill, bond," &c. the Legislature did not intend to embrace endorsers, whether they became such for value, or for the accommodation of the drawer. It is proper to remark, that there is nothing in the succeeding sections indicating an intention to apply a different meaning to these terms, from that which should be given to them in the first. Assuming, then, for the sake of the illustration, that the first section embraces endorsers, they would, in cases where there were two or more, under the second section, have the right as between themselves, to a summary judgment, on motion

for contribution; but this court has repeatedly held, that in the absence of an agreement, either express or implied, to share the loss, the parties are bound as their names appear on the bill. Branham & Atwood v. Ragland, 3 Stew. R. 247; Spence v. Barclay, 8 Ala. Rep. 581. Upon the same assumption, under the third section, the accommodation acceptor could be united in one suit with the drawer, who has the right, under this section, to come in and be made a party, when the "security upon the bill" is sued, &c. and thus two judgments must be rendered, or the acceptor charged with the damages. Again: the fourth section would clearly establish the right of contribution between every description of endorser, since by it "the security or securities upon the note, bill," &c. when sued may, on motion, cause a judgment to be entered against *all* the parties to the instrument, for their respective shares or proportions of the damages; and by the fifth section, the endorser could obtain his discharge if the creditor or holder failed to sue upon the instrument after being required in writing to sue. But it has been expressly held by our predecessors, after a careful collation of these several sections, that the statute confers no such right upon the endorser, and that although he be but an accommodation endorser, he is not a security within the meaning of this section. Bates v. The Branch Bank Mobile, 2 Ala. Rep. 689.

Having shown that the construction contended for would reach far beyond the manifest intention of the Legislature, which was to give a more simple and summary remedy to the surety than he previously possessed, and that it would establish an entirely new rule as it respects the extent of the liability of endorsers as between themselves; and further, that it would introduce anomalies in pleading, productive of the greatest confusion, we hence conclude that the Legislature never intended this construction to be placed upon the statute, but when they spoke of security or securities upon a note or *bill*, by the term bill they meant bill single, or, if a bill of exchange, cases where several parties unite in drawing for the accommodation of one of them.

But it is said this is a remedial statute, and should be liberally construed. If we grant this, we must nevertheless endeavor to arrive at its true spirit and meaning, and reject a

construction which would introduce such perplexities and embarrassments in pleading as would render its administration almost, if not quite, impracticable.

It is supposed that the case of Meek & Co. v. Black et al. 4 S. & P. 374, is opposed to the view here taken. When the facts are considered on which that decision was based, we do not think that it is necessarily so. Be this as it may, so far as that case countenances the doctrine of contribution between accommodation endorsers, in the absence of an agreement to contribute, it stands alone, and opposed to all authority, and must be considered as an incorrect exposition of the law.

After the best examination I have been enabled to give this case, I am satisfied the learned judge mistook the law, and in this opinion my brethren all concur.

The judgment must be reversed, and as the plaintiff below cannot proceed in this summary way, the cause will not be remanded.