## MOODY *vs.* FINDLEY.

[CONTEST OF ANSWER OF GARNISHEE.]

*Accommodation drawers, acceptors, and endorsers; what will make co-sureties.*—Accommodation drawers, acceptors, and endorsers, are not made co-sureties by § 3070 of the Revised Code. There must be some agreement, express or implied, to be such, to render them liable as such.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. Wm. S. MUDD.

THE appellant, Washington Moody, having commenced suit against Nelson Davenport, in the circuit court of Tuskaloosa, obtained process of garnishment against Murchison Findley, the appellee, who answered, denying any indebtedness to the defendant, said Davenport. The appellant contested the answer and tendered the following issue : " That the garnishee was indebted to the defendant because the said defendant, Davenport, and the garnishee, had severally endorsed a bill of exchange drawn by David L. Durden on himself, on the 28th day of February, 1861, for the accommodation of said Durden, for the sum of $268 34, payable eleven months after date ; that the bill was duly protested for non-payment, of which the garnishee had notice ; that suit was brought on the bill against defendant, judgment recovered, and execution issued, and that the sheriff had, by a sale of defendant's property on the 4th day of December, 1866, collected $384 28, and that said Durden is insolvent."

The garnishee, Findley, demurred to this issue. " 1st. Because it does not show a state of facts, which, if· true, show an indebtedness of garnishee to defendant. 2d. It does not show in what respect the answer is untrue. 3d. It does not aver an indebtedness of the garnishee. 4th. It does not aver that the accommodation endorsers were

securities, as between themselves, or that they were bound to contribute as between themselves."

The court sustained this demurrer, and the appellant declining to amend his pleadings, or tender any further issue, judgment was rendered against him for costs, to which ruling and judgment of the court the appellant excepted, and here assigns for error, the action of the court below, in sustaining the demurrer, and rendering judgment against him for costs.

WASHINGTON MOODY, *pro se.*
VAN HOOSE & POWELL, for appellee.

[No brief came into the hands of the reporter.]

B. F. SAFFOLD, J.—It has been frequently decided by this court, that accommodation endorsers, as between themselves, are liable in the order in which they endorse, unless there is some agreement, express or implied, to be liable otherwise.—*Abercrombie et al. v. Conner*, 10 Ala. 293 ; *Spence v. Barclay*, 8 Ala. 581 ; *Braham & Atwood v. Ragland et al.*, 3 Stew. Rep. 247. It was held in *Stodder, Ex'r, v. Cardwell*, 20 Ala. 223, that an accommodation endorser of a bill of exchange was not entitled to a summary judgment, on motion against his principal, under the act of 1821, Clay's Dig. 531, § 3, because it would establish an entirely new rule respecting the extent of the liability of endorsers, as between themselves.

Section 3070 of the Revised Code does not change the liability of accommodation drawers, acceptors or endorsers. It does not make them co-sureties, in the absence of any agreement, express or implied, to be such. But when there is such an agreement, it extends to them the summary remedy therein afforded to sureties.

The judgment of the circuit . court sustaining the demurrer, being consonant with the views we have expressed, is affirmed.