### C. C. DIBRELL VS. J. W. DANDRIDGE, Coroner, et al.

1. JUDGMENT: *Payment thereof by a surety.*

    The statute authorizing the assignment of a judgment to a surety, upon its payment by him, with summary process to coerce payment, is in derogation of the common law, and he who claims the benefit thereof, must bring himself clearly within its provisions.

2. SAME: *Sec. 2258 of the code of 1871.*

    This statute which provides that the payment of a judgment by a surety, shall operate *per se*, as a transfer of the judgment, is limited to sureties alone.

Statement of the case.

3. PROMISSORY NOTE: *Indorsement thereof.*
    The indorsement of a promissory note, in the absence of proof to the contrary, will be presumed to be for value.

[NOTE — Whether an accommodation indorser is within the intendment of the statute, is not presented in this case. But in Alabama, upon a statute of similar import, it has been held that an " accommodation indorser " is not a " surety " within the statute.]

ERROR to the Circuit Court of *Chickasaw* County.

Hon. W. D. BRADFORD, Judge.

One Rawls recovered judgment, Nov. 2, 1866, against W. B. Buchannan, as maker, and C. C. Dibrell, as indorser. A. H. Taylor recovered judgment November 8, 1868, against said Buchannan and F. M. James. Dibrell paid off the judgment against Buchannan and himself, October 21, 1867, and made affidavit that he was indorser on the note, the foundation of the suit, and had paid the judgment in full. Execution was issued for the use of Dibrell, under the supposition that it was a case that came under the provisions of § 2258, Rev. Code of 1871. This execution was returned *nulla bona*. On July 10, 1872, an execution was issued on the judgment of Taylor *v.* Buchannan and James. James being sheriff of the county. The execution was directed to J. W. Dandridge, coroner of the county. The execution directs the sale o certain lands, the judgment being both special and general. The land was sold, and Taylor became the purchaser for $1,000. Dibrell made a motion in the circuit court to have the funds applied to the judgment of Rawls *v.* Buchannan and Dibrell, and the court directed the funds to be applied to Taylor's judgment; from this judgment, Dibrell prosecutes this writ of error.

The following is assigned for error. The court erred in overruling appellant's motion to require the appellee, J. W. Dandridge, coronor, to pay over the proceeds arising from the sale of lands under the junior execution of A. H. Taylor against W. B. Buchannan and appellant, in satisfaction of his senior judgment against the same party, W. B. Buchannan.

*N. N. Carlisle,* for plaintiff in error, cited and relied upon the

following authorities, to wit: Rev. Code, 1871, § 830; Calmes *v.* Ford, 6 S. & M., 190; 27 Miss., 589; M. & O. R. R. Co. *v.* Trotter, 7 George, 416; Dibble *v.* Norton, 44 Miss., 158; Rev. Code, 1871, § 2258; Rev. Code, 1857, p. 362, art. 2; Pope *v.* Bowman, 2 George, 639; George's Digest, 93, sec. 201; Conway *v.* Strong, 2 Cush., 665; Stanwood *v.* Clampitt, 1 C., 372; Bank of England *v.* Tarleton, 1 id., 173; Dozier *v.* Lewis, 5 id., 679; Parchman *v.* Conway, 6 id., 85; Lee *v.* Griffin, 2 George, 632.

*Houston & Reynolds*, for defendants in error, cited the following authorities: Rev. Code 1871, §§ 2257, 2258, 2259, 2260, 2261; Stodder *v.* Cardwell, 20 Ala., 223; Bates *v.* Branch Bank, 2 Ala., 689; Rev. Code 1857, p. 530, art. 284; 69 Pa. St., 471; 11 Casey, 524; Stephenson *v.* Smith, 23 Miss., 507.


SIMRALL, J., delivered the opinion of the court.

This is a controversy between Dibrell and Taylor, as to the appropriation of $1,000 realized by Dandridge, coroner, for the sale of property of W. B. Buchannan, judgment debtor.

One Rawls, on November 2, 1866, recovered a judgment against Buchannan, as maker, and said Dibrell, as indorser, of a promissory note. On October 2, 1867, Dibrell paid to the sheriff, who held an execution on this judgment, the full amount of principal and interest, and took his receipt therefor.

Dibrell, on August 2, 1872, made affidavit that he was indorser on the note, which had been recovered upon, and that he had paid the judgment. Execution was issued by the clerk, indorsed for the benefit of Dibrell. Such is the claim of Dibrell.

On November 8, 1868, Alonzo N. Taylor recovered a judgment in the same court against Buchannan and F. M. James. On this judgment an execution was issued on July 10, 1872. Under this execution the property was sold to A. N. Taylor for $1,000. Such is Taylor's claim to the money.

It will be observed that the judgment under which Dibrell asserts a right to the money, is older than that in favor of Taylor, and would have a preference, on account of superior lien, if, in-

deed, Dibrell occupies such relation to the principal debtor, Bu-channan, as would subrogate him under the statute to the rights of the judgment creditor.

Under the statute, the officer making money by sale, under ex-ecution, must consult the judgment roll and apply the money to the eldest judgment or decree having the priority of lien, or, if in doubt as to the rights of parties, he may consult the constitution, and act under its direction. Brown & Johnston *v.* Bacon et al., 27 Miss., 601–2–3; Bonaffee *v.* Fisk, 13 S. & M., 682; M. & O. R. R. Co. *v.* Trotter, 36 Miss., 417.

The plaintiff in error, Dibrell, places his right upon § 2258, Code of 1871, which allows " any one or more of the sureties or surety, who has paid and satisfied a judgment or decree rendered against the principal debtor and his sureties, or against the sure-ties only, to make affidavit of his suretyship and of such payment, and file the same with the clerk; and thereupon the clerk shall issue execution as if the judgment had not been paid, and indorse upon it that it is for the use of the surety, and the sheriff shall proceed to collect from the principal debtor. The payment of the judgment or decree by the sheriff, operates under the act to trans-fer and assign the judgment to him, and he may proceed in the manner indicated to obtain the benefit of it. This section is one of several in ch. 49, art. 1, entitled " How sureties may be re-lieved." The first section of this article provides a mode by which a "surety or accommodation indorser" may be relieved before suit brought. The third section entitles the surety or indorser who has, after maturity, paid the holder of the paper, or made a tender thereof, to an assignment, and such assignee may have an action in his own name against the principal debtor. These sev-eral sections use the terms surety, indorser, and accommodation indorser, not as representing the same character, but in their usual acceptation, as understood in the law. Section 2258 uses the word "sureties," and extends its special privileges only to those who stand in that relation to the principal debtor. Nothing more is shown in this case than that Dibrell paid the judgment which

had been rendered against him and Buchannan, maker of the note. It appears that he was charged as indorser. It is not shown in the testimony that he was accommodation indorser for Buchannan, or put his name on the paper for his credit and benefit. The implication is that he indorsed the note to Rawls in due course of trade, for value, and assumes the contingent and conditional liability incident to that sort of contract. If it be claimed that the indorser sustains the relation to the maker of indorsing for accommodation, and for his credit, that special arrangement must be shown by testimony. This note was negotiable; if nothing more be shown than that Dibrell indorsed it to Rawls, then the presumption is that he transferred it for value received from the indorsee, or upon some consideration which was the inducement to that contract.

If it were conceded that an accommodation indorser was a surety for the maker, so as to entitle him to the benefits of an assignment, by operation of law, of the judgment, on compliance with the conditions of the statute, Dibrell would not be entitled to the money, because he has not shown that such was his relation to the maker of the note. Whether an accommodation indorser is within the intendment of the statute, does not arise in this case, and we express no opinion upon it. It may, however, be remarked, that it is a well settled principle of commercial law, that parties to negotiable paper, in the absence of an agreement, express or implied, are bound as their names appear on the paper.

In Bates v. Branch Bank Mobile, 2 Ala., 689, and Stodder, Ex'r, v. Cardwell, 20 Ala., 223, it was held by the supreme court of Alabama, under a statute framed on the same principle as ours, that the accommodation indorser was not entitled to the statutory remedy. The Alabama statute allowed judgment to be entered up on motion against the principal debtor, in behalf of the "security or securities upon any bill, bond, note," etc., who had been compelled by suit to pay the same. In the cases referred to, after great consideration, it was held that the accommodation indorser was not a "surety" within the meaning of the statute. Our stat-

ute is more peremptory and summary than that of Alabama. It assigns the judgment to the surety, and gives him final process to coerce payment. It is in derogation of the common law. The party who claims under it must bring himself within its provisions.

We are of opinion that Dibrell has not shown that he was the surety of Buchannan within the requirements of the statute, and that he did not, by operation of law, become assignee of the judgment, with the privilege to collect the debt by execution.

There was no error in the judgment denying him the money, but appropriating it to pay his judgment.

Judgment is affirmed.