M. L. Yates et al. *v.* W. K. Mead et al.

1. **Principal and Surety.** *Payment by indorser. Subrogation. Code* 1880, § 1140.
   A defendant in an execution who pays the same or any part of it, as against
   any other defendant thereto who is liable to him for the sum paid, be-
   comes subrogated to the lien and all the rights of the plaintiff, and is entitled
   to execution in his own favor against such other defendant.   Code 1880,
   § 1140.   This right extends to an indorser of a draft on which judgment
   is rendered against him and the principal debtor.   *Dibrell* v. *Dandridge,*
   51 Miss. 55, explained.

2. **Same.** *Subrogation. Evidence of payment. Record not necessary.*
   Such subrogation takes place by operation of law upon payment by the
   surety, and no entry upon the judgment-roll or elsewhere showing such
   payment is necessary.

3. **Same.** *Subrogation. Cancellation of judgment.   Innocent purchaser.*
   Although upon payment of the execution by the surety, plaintiff's attorney
   marks the judgment "settled" upon the judgment-roll and execution
   docket, and a third person, though in ignorance of such payment and
   relying upon the entry, buys land of the principal debtor, this will not
   defeat the right of the surety to enforce the judgment lien in his own
   favor against such land, *provided* such entries were made without his
   authority and consent.

4. **Deed from Mortgagor to Mortgagee.** *Junior lien. Burden of proof.*
   In a controversy between junior lienor and a senior mortgagee who has
   taken the mortgaged property under an absolute conveyance in satis-
   faction of his mortgage debt, the burden of proof is on the latter to show
   that such debt was equal to the value of the property taken, and that
   the equity of redemption being worthless no harm resulted to the junior
   lien-holder.

From the chancery court of Jackson county.

Hon. S. Evans, Chancellor.

On November 23, 1880, John I. Adams & Co. recovered judg-
ment against G. M. Dees and M. A. Dees for $119.71, and on May
23, 1881, judgment in favor of the same plaintiffs against the same
defendants was rendered for $230.   These were duly enrolled and
executions were issued and returned, with the sheriff's indorsement
thereon showing that they were settled, and with a receipt to him
for the money indorsed thereon and signed by plaintiffs' attorney.
The latter also wrote the word "settled" on the judgment-roll

opposite the entry of said judgments and signed his name thereto as " attorney for plaintiffs."

On December 20, 1886, M. A. Dees made an affidavit that he had paid said judgments, and that he was only secondarily liable thereon to the plaintiffs, being merely an indorser of the drafts upon which the judgments were rendered ; that since such payment he had assigned the judgments for value to appellant, Mrs. M. L. Yates, and that he desired execution to be issued in his name as surety for the use of his said assignee. The executions were issued and levied on the land in controversy, which was advertised to be sold.

W. K. & J. W. Mead, who had obtained the land through successive conveyances from G. M. Dees, the principal judgment debtor, and who had only partially paid therefor, filed this bill to enjoin the sale of the land under the executions, and to interplead those having conflicting claims upon the land, and the present controversy arises between the above-mentioned Mrs. Yates, claiming under the execution aforesaid, and J. C. Strong, assignee of A. C. Danner & Co., whose claim will herein after appear.

By the exhibits filed with the bill and answers, and by the evidence adduced on the hearing, the history of the title was shown to be as follows : The land belonged to G. M. Dees, who in February, 1880, executed a mortgage thereon to A. C. Danner & Co. to secure a large indebtedness, stated therein to be $10,000.

In July, 1881, said G. M. Dees conveyed the land, together with certain other land, to A. C. Danner & Co. by an absolute deed, which recited the mortgage indebtedness and also the advance of other sums of money (amount not stated) by Danner & Co. and their assumption of certain debts due by the grantor ; and the deed further stated that it was in full settlement of all debts and claims in favor of the grantees against the grantor. In April, 1883, A. C. Danner & Co. leased the land to complainants, W. K. & J. W. Mead, inserting in the lease an agreement that the latter should have the right to purchase the land at a certain fixed price. Afterwards, in August, 1883, Danner & Co. conveyed the land to the Danner Land & Lumber Co., which became embarrassed and

made a general assignment of its assets, including this land, to J. C. Strong, assignee, for the benefit of creditors. Afterwards, in 1886, complainants, W. K. & J. W. Mead, availing themselves of the right to purchase given to them in their lease, bought the land from Strong, assignee, for $1300, paying $500 and leaving unpaid the sum of $800, with interest.

Before the maturity of this deferred payment, the aforesaid executions in favor of Mrs. Yates were issued and the land levied upon thereunder. Thereupon, W. K. & J. W. Mead filed this bill of interpleader, making Mrs. Yates, M. A. Dees, and J. C. Strong, assignee, parties defendant, and paid into court a sufficient sum to satisfy said executions, and asked that the conflicting claims between the parties to the fund be adjusted. The defendants appeared and interpleaded. It is insisted by Mrs. Yates that upon payment of the executions by M. A. Dees, who was secondarily liable, Dees became entitled to the land, and that this right she acquired by assignment from Dees. It is further insisted by her that under the terms of the settlement above mentioned the mortgage of Danner & Co. was paid and discharged; that the settlement and conveyance operated as a merger of the mortgage lien and that Danner & Co. took the land subject to the lien of the judgments.

It is, on the other hand, contended by Strong, the assignee, who filed a cross-bill, that the right to be subrogated to the lien of complainants does not extend to a party to the execution, who was liable as an indorser of the draft upon which judgment was rendered; that the grantees in the several conveyances, through which he holds, were purchasers in good faith without notice of the continued existence of the judgments, as the execution-docket and judgment-roll showed that they were settled; and, if wrong in these contentions, that the mortgage of G. M. Dees to A. C. Danner & Co., of February, 1880, antedated the judgments, and the subsequent absolute conveyance by said Dees to them was in part satisfaction of said mortgage.

Section 1140, code 1880, invoked by Mrs. Yates, and referred to in the opinion, is as follows:—

"Any party to such execution, who shall pay it, shall, as against

any other party to it, who is liable to him for the sum paid, or any part of it, be entitled to the benefits of all the provisions for sureties in the chapter of this code entitled "An act in relation to principals and sureties."

The decree of the court was in favor of Strong, the assignee, recognizing his lien on the land for the balance of the unpaid purchase-money due by W. K. & J. W. Mead, and awarding the money in court to him. From this decree Mrs. Yates appeals. Some questions of pleading and practice arose in the court below, but it is unnecessary to state these.

*T. W. Brame*, for appellants.

1. Where the ownership of the mortgage-debt and the title to the land become vested in the same person, the mortgage is thereby merged. 15 Am. & Eng. Enc. L. 321 *et seq.*; 3 Ib. 323; Tiedeman on Real Prop. § 222; 54 Miss. 437; 10 N. Y. 202.

In this state a mortgage is but a security for a debt. The title remains in the mortgagor. If the mortgagee takes an absolute conveyance from the mortgagor, and the deed shows on its face, or the facts show, that the parties intended that the deed should be taken in satisfaction of the mortgage debt, then the mortgagee takes the property at his peril and subject to junior incumbrances. 10 S. & M. 120;. Perry on Trusts, § 347; 1 Jones on Mor. § 855; 2 Pom. Eq. 791; 3 Ib. 792; 26 S. C. 424; 28 Ib. 445; 15 Am. & Eng. Enc. L. 325.

A mortgagee has no more right to take a deed in satisfaction of his mortgage than a judgment creditor has to take a conveyance in satisfaction of his judgment and cut off junior liens. In all cases where the mortgagee takes the title, the transaction is closely scrutinized. 5 Am. & Eng. Enc. L. 820; 1 Jones on Mor. 870.

The only way for the mortgagee to procure an absolute title free from junior liens is to foreclose.

I submit that Danner & Co. took the land with notice of the judgments and subject to the lien of the same.

2. As to the right of M. A. Dees, the indorser, to have the execution sued out, the statute is perfectly plain. Code 1880, § 1140.

Argued orally by *T. W. Brame,* for appellants.

*Horace Bloomfield,* for appellees, W. K. & J. W. Mead.

*C. H. Wood,* for appellee, J. C. Strong, assignee.

At the time the several conveyances, under which Strong claims, were executed, both the judgment roll and execution docket showed that the two judgments were settled. No change appeared until long after the Meads had bought and erected valuable improvements on the land, and there was nothing to give any of the purchasers notice that M. A. Dees had paid the executions in his capacity as indorser, or that he would insist on the rights given by the statute to sureties. The good faith of the several purchasers is abundantly shown. This court has protected purchases because in good faith, under circumstances not as strong as that made by this record. See *Jones* v. *Gurlie,* 62 Miss. 760.

The absolute deed from G. M. Dees to Danner & Co. was executed after default had occurred in the mortgage and in satisfaction thereof. The legal estate was already in Danner & Co. before the judgments were rendered. The absolute deed merely passed the equitable interest, and the judgment creditors cannot claim any priority. The mortgage will still be kept alive by a court of equity, which will look through the form to the substance of a transaction. *Cansler* v. *Sallis,* 54 Miss. 446; *Lewis* v. *Starke,* 10 S. & M. 120.

The statute which provides that payment of a judgment by a surety shall *per se* transfer it to him is limited to sureties, and does not apply to indorsers. *Dibrell* v. *Dandridge,* 51 Miss. 55. This decision was under § 2258, code 1871, which is an exact copy of § 998, code 1880.

WOODS, J., delivered the opinion of the court.

Section 998, code of 1880, by its terms subrogates a surety paying a judgment against the principal debtor to all the rights of the judgment-creditor, including that of enforcing all the liens which the judgment-creditor had by virtue of such judgment. It was intimated in *Dibrell* v. *Dandridge,* 51 Miss. 55, that a similar

statute, in the code of 1871, did not cover cases in which indorsers had made payment for the principal debtor of a judgment jointly rendered against the debtor and the indorser. But, as we suppose, to meet this opinion of the court in *Dibrell* v. *Dandridge*, § 1140, of the code of 1880, extends the benefits of § 998, code of 1880, to any party to an execution, who shall pay it, against any other party to it who is liable to such party for the sum paid. It seems clear, therefore, that M. A. Dees, by operation of law, immediately upon paying and satisfying the judgments of John I. Adams & Co. against G. M. Dees, the principal debtor, was subrogated to all the rights of the judgment creditors.

This subrogation took place, as we have said, immediately on payment by the indorser, and by operation of law. No entry of record of the fact of payment by the indorser was required to be made ; and the entry of satisfaction on the execution-docket and judgment-roll by simply writing the word "settled," is not ground for refusing subrogation to the indorser, M. A. Dees, who is clearly shown to have satisfied the judgments, such entry not having been made at the instance or under the direction of the indorser. The fact of payment by the indorser was not a matter requiring to be put to record, and the failure of the record to show this fact does not affect the rights of the indorser who paid the judgment.

It is insisted, however, by counsel for appellees, that any judgment lien which M. A. Dees acquired by his subrogation to the rights of the judgment creditors on the lands embraced in this controversy cannot be enforced by sale under execution, because the deed of conveyance of July 14, 1881, was taken by Danner & Co. (through whom appellees trace title) in payment and satisfaction of a pre-existing lien created by a mortgage from G. M. Dees to Danner & Co., made in February, 1880, and that the mortgagees had the right to take the mortgaged estate, in good faith, in satisfaction and settlement of their pre-existing debt secured by the mortgage.

Granting the correctness of the general proposition, it is true, nevertheless, that, in the present litigation, it was incumbent upon

those asserting this right in Danner & Co. to show that they so dealt with the mortgaged estate, in taking to themselves absolute title to the same, as not to injure or destroy rights of junior lienors.   In other words, the burden was upon Danner & Co., or, more properly speaking, upon those claiming under them, to show the amount due upon the mortgage-debt at the time of the taking an absolute conveyance to the property ; to show the value of the property at the time ; to show that the debt was equal in amount to the value of the mortgaged estate ; that the equity of redemption was valueless, and hence, that no harm came from such acquisition of absolute title to the junior judgment creditors.   This burden the appellees have not successfully borne.

Moreover, the absolute conveyance of July 14, 1881, on its face, the antecedent agreement between Danner & Co. and G. M. Dees, of July 9, 1881, and the evidence generally, demonstrate that the conveyance of the absolute title was not made solely to pay and satisfy the mortgage debt, but that it was made in pursuance of a plan to settle all indebtedness of every character due from G. M. Dees to Danner & Co., in consideration of the surrender and extinguishment of such indebtedness by Danner & Co., and the payment of an unknown sum of money by Danner & Co. for G. M. Dees to certain named and unnamed creditors of Dees.

*The decree of the court below is reversed, and a decree will be entered here in favor of M. L. Yates.*