MARY L. YATES v. W. K. & J. W. MEAD.

CHANCERY COURT. *Interpleader. Injunction bond. Breach.*

Where the owner of land enjoins its sale under execution, and in the same
suit interpleads the holder of a conflicting lien; and pays into court a
sufficient sum to satisfy either claim, and the final decree awarding the
fund to the execution creditor is silent as to the injunction, the latter
cannot recover on the injunction bond his expense incurred in the suit,
for, since the suit was maintained, in that it effected a contest between
the rival claimants, there was no breach of the bond.

FROM the circuit court of Jackson county.
HON. S. H. TERRAL, Judge.

Action upon an injunction bond. W. K. & J. W. Mead pur-
chased certain land, deriving title through successive convey-
ances from one G. M. Dees. Before they had completed the
payment for the land, and, while their note for the deferred
payment was outstanding in the hands of J. C. Strong, their
immediate vendor, an execution was levied on the land in favor
of Mrs. M. L. Yates, claiming to be assignee by subrogation
of a judgment against G. M. Dees and M. A. Dees, rendered
and enrolled before G. M. Dees parted with the title. W. K.
and J. W. Mead thereupon filed their bill to enjoin the sale of
the land under execution, and to interplead those having con-
flicting claims to the land. The balance due for the purchase
of the land, being sufficient to pay the execution, was paid
into court. Both Strong and Mrs. Yates were made defend-
ants, and answered, asserting their claims, Strong making
his answer a cross-bill. The controversy thus arising be-
tween these defendants was tried by the chancery court,
which decreed in favor of Strong. On appeal to this court,
this decree was reversed and vacated, and decree entered in
the supreme court awarding the fund in controversy to Mrs.
Yates. See *Yates v. Mead,* 68 Miss., 787, where the facts are
fully stated.

Mrs. Yates thereupon brought this action against W. K. & J. W. Mead and the sureties on their injunction bond, to recover, as damages, her attorney's fees expended in defending the chancery suit.

The cause was submitted to the circuit court for decision without a jury, and judgment rendered for defendants, and plaintiff appeals.

*T. W. Brame,* for appellant.

The injunction bond is conditioned to pay all damages which the opposite parties might sustain by the suing out of the injunction if the same should be dissolved. The circuit court was of the opinion that the injunction was not dissolved because the decree did not specifically recite the dissolution. I think the injunction was dissolved. The decree of the chancery court perpetually enjoined Mrs. Yates, and decreed the money to Strong. This court "reversed and vacated" the decree. The question may be resolved thus: Mrs. Yates was entitled to make her money out of the land. She was prevented by the appellees by their injunction. The bond was to pay damages to her if she successfully defended the suit. She did successfully defend, and in so doing incurred the damages claimed.

*Horace Bloomfield,* for the appellees.

The only effect of the decree of this court was to reverse the decree of the chancery court in so far as the fund in controversy was ordered to be paid to Strong.

CAMPBELL, C. J., delivered the opinion of the court.

This case was decided correctly by the circuit court. There was no breach of the condition of the bond, for the injunction was never dissolved, formally or in effect. On the contrary, the suit of the appellees, in which the bond was given, was maintained so far as to result in a contest between Mrs. Yates and Strong as to which was entitled to the money

brought into court by the appellees with their bill in that case.   *Yates* v. *Mead*, 68 Miss., 787.

*Affirmed.*