# Hood *v.* Pioneer Mining & Manufacturing Co.

*Action for Damages against Employer, by Administrator of Deceased Employe.*

1. *Presumption in favor of judgment.*—When a case is submitted to the decision of the court without a jury, and the bill of exceptions does not purport to set out all the evidence which was adduced, the appellate court will presume, if necessary, that the judgment was justified by other evidence which is not set out.

2. *Exception to judgment, or conclusion of court on evidence.*—Under a statute which gives either party the right, "by bill of exceptions, to present for review on appeal the conclusions and judgment of the court upon the evidence," the appellate court can not revise the judgment unless a bill of exceptions was reserved.

3. *Variance in description of injuries complained of.*—Where the complaint alleges that the plaintiff's intestate was killed in the discharge

of his duties as brakeman, "while ascending the side of the car," by coming in contact with a water-tank which had been placed too near the railroad track, and the evidence shows that, when struck by the tank, he was standing on the platform between two cars, with his back towards the tank, the variance is fatal.

4. *Dying declarations* are not admissible as evidence in a civil action for damages against the employer, by the administrator of a deceased employe.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by the administrator of Joseph J. George, deceased, who was killed while in the discharge of his duties as brakeman on the railroad of the defendant corporation; and was founded on the statute.—Code, § 2590, The case was submitted to the decision of the court without a jury, but no exception was reserved to the judgment or conclusion of the court on the evidence, though several exceptions were reserved to its rulings in excluding evidence. These exceptions related to several portions of the testimony of absent witnesses, on a showing made for a continuance, which was admitted subject to legal objections, and consisted (1) of the testimony of a witness as to the position of the intestate when he was struck by the water-tank, and (2) of the dying declarations of the intestate on the same subject. These rulings, and the judgment of the court on the evidence, are assigned as error.

MARTIN & McEACHIN, for appellant.

WEBB & TILLMAN, *contra.*

COLEMAN, J.—The judgment, in our opinion, must be affirmed for several seasons. The bill of exceptions does not purport to set out all the evidence. It was declared in *Griggs v. State*, 58 Ala. 425, that "where certain evidence is set out in the bill of exceptions, but it is not expressly stated that it is all the evidence, the appellate court can not hold that the bill of exceptions contains all the evidence." We have uniformly held to the rule, that unless the bill of exceptions showed that all, or substantially all of the evidence, was set out, this court would presume, in order to sustain the ruling of the lower court, there was other sufficient evidence before the court, not stated in the bill of exceptions.

The act to regulate the practice and proceedings in civil cases in the Circuit Court of Jefferson county, and in the Supreme Court on appeal from judgments rendered in said

[Tompkins v. Drennen.]

cases (Acts 1888–9, p. 797, § 7), provides, that "either party may, by bill of exceptions, also present on appeal, for review, the conclusions and judgment of the court upon the evidence," &c.  The record fails to disclose that there was any exception reserved to the conclusion and judgment of the court upon the evidence.  Not having reserved an exception to the judgment of the court, this court, by the terms of the statute, is without authority to review the correctness of the conclusion and judgment of the court on appeal.

There are exceptions reserved to the action of the court in excluding certain evidence offered by plaintiff.  The complaint distinctly avers that plaintiff's intestate, "while ascending the side of the car, came in violent contact with a tank which had been erected too near the railroad track to permit the body of the decedent to pass between the same and the side of the car."  There is but one count in the complaint, and this count distinctly avers the cause of action, and clearly states what decedent was doing and how the injury came to be inflicted.  The evidence offered, if admissible, tended to prove that decedent was standing on a platform between two cars, with his back toward the tank, and extending out but a little beyond the sides of the cars.  This evidence tends to prove a different case from that of which the defendant was informed by the complaint.  It was clearly a variance between the averment and proof.  Plaintiff did not offer to amend his complaint.—*Prior v. L. & N. R. R. Co.*, 90 Ala. 35; *North Birmingham St. R. R. Co. v. Calderwood*, 89 Ala. 254.

Dying declarations, as such, are inadmissible as evidence in an action of this kind.—1 Greenl. § 156; *Johnson v. State*, 50 Ala. 458.

Under any view we may take of the case as presented in the record, there is no error available to appellant on this appeal.

Affirmed.