# Williams, Admr. v. Woodward Iron Company.

*Action by Administrator to recover Damages for alleged Negligent Killing of Intestate.*

1. *Appeal from circuit court of Jefferson county; how conclusions and judgments of court upon evidence must be presented for review.*—Under the act to regulate the practice and proceedings of the circuit court of Jefferson county, and in this court on appeal therefrom, approved February 28, 1889 (Acts 1888–89, pp. 797–800, § 7), which provides that either party to a case tried in said circuit court may, by bill of exceptions, present to the Supreme Court for review the conclusions and judgment of the court upon the evidence, the bill of exceptions must show what the conclusion and judgment of the trial court were; and without such showing the Supreme Court is without jurisdiction to review the action of the circuit court in that behalf, although it appears from the minutes of the court, as certified on appeal, what conclusion was reached and what judgment was rendered.

2. *Exceptions to judgment or conclusion of court on evidence.*—Under the statute which gives either party the right "by bill of exceptions to present for review on appeal the conclusion and judgment of the court upon the evidence," the appellate court can not revise the judgment upon the evidence unless in the bill of exceptions it was shown that an exception was reserved thereto.

3. *Negligence; there must be causal connection between the negligence complained of and the injury inflicted.*—In an action against a company operating a railroad, for personal injuries resulting in the death of plaintiff's intestate, alleged to have been inflicted by reason of negligence on the part of the defendant's employés, it was shown that the defendant required its employés to leave a switch open at the lower end of a side track, which was on a steep grade, so that if the employés should lose control of cars while on said side track they would be derailed at the point where the switch was left open, and not run onto the main line; that on the occasion complained of the switch was left open as required by this rule; that while one of the cars on this side track was being loaded with ore, the defendant's employés lost control of it, and the car started down the grade of the side track with great momentum. Thereupon a person standing near the track, for whose acts in the premises the defendant was in no wise responsible, seeing the car, became excited, and intending to open the switch so as to throw the car upon the side track, moved the lever and, instead of opening it, closed the switch, and thereby caused the car to pass on to the main track and to collide with a train

[Williams, Admr. v. Woodward Iron Company.] ·

of cars belonging to the defendant, whereby the plaintiff's intestate, who was a brakeman on said train, was killed. *Held:* That as the collision and death which resulted from it were entirely outside of the sequence of events which would naturaly result from acts or omissions for which the defendant could be held responsible, there was a want of causal connection between any negligence that could be imputed to the defendant, which resulted in the escape of the car, and the fatal injury to the plaintiff's intestate; and that, therefore, the defendant was not liable in said action.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The facts of the case are sufficiently stated in the opinion.

BOWMAN & HARSH and BRICKELL, SEMPLE & GUNTER, for appellants.—The court is at liberty to review the conclusions of the trial court upon the evidence. The rulings on the demurrer and the final judgment are never necessary to be stated in the bill of exceptions. *Sivoly v. Scott,* 56 Ala. 557; *Petty v. Dill,* 53 Ala. 641; *Ex parte Knight,* 61 Ala. 482.

WEBB & TILLMAN, *contra.*—This court is without authority to review the correctness of the conclusion and judgment of the circuit court.—*Hood v. Pioneer M. & M. Co.,* 95 Ala. 461.

There was no causal connection between the negligence complained of and the injury, and, therefore, the defendant was not responsible in this action.—16 Amer. & Eng. Encyc. of Law, 436; Cooley on Torts, 71; 2 Thompson on Negligence, 1084, 1089; Addison on Torts, (3d. ed.) 5; *Thompson v. L. & N. R. R. Co.,* 91 Ala. 496; *Western R. Co. v. Mutch,* 97 Ala. 194; *Gadsden &c. R. R. Co. v. Causler,* 97 Ala. 235.

McCLELLAN, J.—This action is prosecuted by Elias Williams, as administrator of James Williams, deceased, against the Woodward Iron Co., and sounds in damages for the negligence of the defendant whereby plaintiff's intestate came to his death. A jury was waived by the parties and the trial was before the judge of the circuit court. A bill of exceptions was taken, and signed by the judge, in which is set forth all the evidence and several rulings of the court on the admissibility of testi-

mony, but it contains no statement of the finding and conclusion of the trial judge on the evidence, nor, of course, any reservation of an exception to such finding or conclusion and judgment. The only authority of law for a review by this court of the conclusion and judgment of the circuit court of Jefferson, in cases tried as this one was, is found in that provision of the act to regulate the practice and proceedings in that court and in this court on appeal, approved February 28, 1889, which is in these words: "That in the trial of any cause in said court without a jury, in addition to the questions which may be, under existing laws, presented to the Supreme Court of the State for review, either party may, by bill of exceptions, also present on appeal, for review, the conclusions and judgments of the court upon the evidence," &c. &c.—Acts 1888-89, pp. 797, 800, § 7. And this being the only authority for the presentation of such conclusions and judgments, it follows, of course, that the mode of presentation prescribed by it is the only one by which we can acquire jurisdiction to consider and pass upon the correctness of such conclusions and judgments. *They must be presented by a bill of exceptions*, i e. the *bill of exceptions* must show what the finding or conclusion and judgment of the trial court were, or else we are without jurisdiction to review the action of the circuit court in that behalf, though it may appear from the minutes of the court below as certified to us what conclusion was reached and what judgment was rendered. These matters are not presented here by the bill of exceptions at all: the bill of exceptions in the transcript does not show that any conclusion was reached by the trial judge or judgment entered by the circuit court on the evidence. The case is not brought within the enabling statute and we are powerless to review it.

Moreover had the bill of exceptions shown that a finding was made and what it was, and what judgment was entered upon it, we would still be without jurisdiction, because it does not appear by the bill that any exception was reserved thereto, as was expressly ruled in *Hood v. Pioneer Mining & Manufacturing Co.*, 95 Ala. 461.

But if the conclusion and judgment of the trial court were before us for review, we could not justify a failure

to concur therein on the evidence found in this record in respect of the want of causal connection between the negligence of the defendant, assuming there was negligence on its part, and the fatal injury to plaintiff's intestate. The facts are : The deceased was a brakeman and fireman on a train of cars belonging to the defendant, and at the time of receiving the injury from which he died he was on this train in the performance of his duties, the train for the moment being stationary on the main line or track of the defendant's railroad. The injuries resulted from the colliding with this train of a "wild" or loose car of which other employés of the defendant had lost control on a *side track* a mile distant from the point of collision. The incline of the side track, and of the main track thence to the train in question, being considerable, the loose car acquired great momentum in covering the intervening distance. The only negligence sought to be imputed to the defendant had reference to the escape of this car from those in charge of it on the side track. The grade of this side track appears to have been particularly steep, and it appears that the escape of cars there while being loaded with ore, for which purpose the siding was used, was regarded as possible by the defendant, and to guard persons and property on the main track from this apprehended danger the defendant required its employes to open the switch at the lower end of the siding when any car or cars were on the side track so that escaping cars would be derailed at that point and never get on to the main line at all. It is in proof that on this occasion the switch, in accordance with this requirement, had been left open until after the car escaped and started down the side track. Then a person standing near the switch, for whose acts in the premises the defendant was in no wise responsible—a stranger for all the purposes of this case—seeing that the car had escaped, became greatly excited and fearing, and, therefore, believing, that the switch was closed, and intending to open it and thereby prevent the car from passing onto the main line, seized the lever, and, instead of opening what he supposed to be a closed switch, closed what was in fact an open switch, and thereby caused the wild car to pass from the side onto the main track, but for which, confessedly, the collision would not have occurred and plaintiff's intes-

tate would not have been killed.   It is clear and obvious, we think, that the death of James Williams did not result proximately from the negligence of the defendant, whereby the car escaped from those in charge of it. Against such a result indeed and against all accidents on the main line in consequence of cars escaping on tho siding, the defendant had specially and amply provided. Upon such escape the sequence of events would necessarily end at the switch where the car would be derailed and effectually stopped.   That another result did in fact ensue was due entirely to the natural sequence being broken and another and different series of events being put in line of causation by the wholly independent act of a distinct and self responsible human agency ; and it can in no sense be said that the supervening act of this agency was itself the natural result of a state of things caused by the negligence of the defendant.   If the closing of the switch by this third party in an effort to open it, could be said to have been the natural though improbable consequence of the escape and flight of the car along the siding, there would be ground for laying tho ultimate result to that cause also, as the first wrong-doer is responsible for every supervening and accelerating cause which is naturally produced by it ; it is upon this principle that the celebrated "Squib case" was decided; but a more unnatural thing to be done under the circumstances than the thing which was done by this third party cannot be conceived of. Neither that it would be done nor, of consequence, that there would or could be a collision on the main track could have been within the wildest conjecture, much less contemplation, of the defendant.   On all reason and authority this act, from a responsible and independent source, and the collision and death which resulted from it, is entirely outside of and apart from the sequence of events flowing naturally from the acts or omissions for which the defendant is responsible, and this act was the sole proximate cause of the death for which damages are here sought to be recovered.—16 Am. & Eng. Encyc. of Law, pp. 431, 436 ; *Gilson v. Delware & Hudson Canal Co.*, 36 Am. St. Rep. 802, and notes pp. 836-850 ; *Bunting v. Hogsett*, 23 Am. St. Rep. 192; *Heney v. Dennis*, 47 Am. Rep. 378, and notes; *Gadsden & Attalla Union R'y Co. v. Causler*, 97 Ala.

[Winter & Loeb v. Judkins.]

235; *Western R'y of Ala. v. Mutch*, 97 Ala. 194, s. c. 38 Am. St. Rep. 179.
The judgment of the circuit court is affirmed.

BRICKELL, C. J., not sitting.