# Denson *et al. v.* Gray.

*Action upon a Promissory Note.*

1. *Liability of indorser of note.*—The indorsement of a note creates an implied contract on the part of the indorser that the same will be duly honored, and if not, upon due protest and notice, he will pay the amount to the indorsee or any subsequent holder.

[Denson *et al.* v. Gray.]

2. *Same; release of indorser; case at bar.*—In an action on a promissory note, the following facts appeared: On a sale of land by defendants, several of the purchase money notes were made payable to persons who held a prior lien on the land, and were indorsed by defendants at the time they were executed. The deed contained a recital that there was reserved in the defendants a vendor's lien for the payment of all the notes, and provided that if the defendants had to pay these notes, which they had indorsed, they should be subrogated to all the liens which the indorsee might have, and that the defendants should have a lien to secure themselves from loss because of said indorsement. Subsequently an indorsee of one of the notes filed a bill to enforce a vendor's lien for the payment of the debt evidenced by the note, and obtained a decree of sale, at which sale the property which had been sold by the defendants was bought in for the costs of the suit by him and the plaintiff, to whom one of the notes indorsed by the defendants had been transferred; the plaintiff having, prior to that time, filed a bill to enforce the lien for the payment of the note held by him. This purchase was made under an agreement between the indorsee who filed the bill and the plaintiff, and they went into the possession of the land under their purchase, and plaintiff claimed to hold his interest therein free from any right or lien of defendants therein. *Held:* that plaintiff's election to take the land estopped him from suing defendants as indorsers or sureties on the notes held by him, in case it was not paid by the maker; and that the plea to the action averring the facts as above set forth presented a complete defense to the action, and was not subject to demurrer.

3. *Construction of act creating city court of Gadsden; rule of practice on appeal; trial by court without jury.*—Under the statute creating and establishing the city court of Gadsden (Acts, 1890-91, p. 1092), providing that where a cause is tried by the court without a jury "either party may, by bill of exceptions, also present for review the conclusions and judgment of the court on the evidence," &c., the appellate court can not review the correctness of the conclusion and judgment of the court upon the evidence, unless it is disclosed in the bill of exceptions that an exception was reserved thereto.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was an action brought by the appellee, Allen Gray, against appellants, W. H. Denson and W. H. Smith; and counted upon a promissory note. The defendants interposed two pleas. The first was the general issue, and the second was a special plea. The averments of the defendants' special plea, and the facts showing the execution of the note sued upon are sufficiently stated in the opinion. To the defendants' special plea,

[Denson *et al.* v. Gray.]

the plaintiff demurred upon the following grounds : "1. The plea does not show any harm done to the indorsers by the sale of the lands. 2. The plea shows on its face that the lands were subject to the lien under which it was sold. 3. The plea shows on its face that the defendants, themselves, retained the lien, in favor of Gray, under which the bills were filed. 4. The plea shows on its face that the lands are liable to the indorsers for their reimbursement, in event they paid, or are made to pay, the indorsed notes. 5. The bringing of the suit on the note admits that the lands are liable to the indorsers for their reimbursement. 6. The plea fails to show that the indorsers have paid the note, so as to be entitled to reimbursement, on account of such payment. 7. The sale of the lands to pay the note was of advantage, and not of disadvantage to the indorsers." This demurrer was sustained, and to this ruling the defendants duly excepted.

Under the opinion on the present appeal, it is unnecessar to state in detail the facts as disclosed upon the trial of the cause upon the issue joined on the defendants' first plea, or to set forth the rulings of the trial court upon the evidence.

The cause was tried by the court without the intervention of a jury ;. and upon the hearing of all the evidence the court rendered judgment in favor of the plaintiff. From this judgment the defendants appeal, and assign as error the sustaining of the plaintiff's demurrer to the defendants' special plea, and the rendition of judgment in favor of the plaintiff.

DENSON & BURNETT, for appellants.—1. The second plea of the defendants sets forth the facts to show a discharge and release of the defendants from liability, because of the matters averred therein. An indorser occupies the same attitude as an ordinary surety, so far as the principles of the law invoked in this plea are concerned.—*McMullen v. Neal*, 60 Ala. 552 ; *Lyon v. Bolling*, 9. Ala. 463 ; *Marsh v. Pike*, 1 Sandford Ch. 211.

There need be no waiting by the appellants until they pay said note before they can invoke this defense. When the appellee assails them in his efforts to hold them on said note, they can show their release or discharge from liability on the note, to prevent judgment being taken

[Denson *et al.* v. Gray.]

against them. It would be a reproach to the law to require them to pay the note to appellee, and then have to sue him for the land ; such a proceeding would be at war with the principles of subrogation. The defense set forth in this plea can be set up in a court of law as well as in equïty. As sustaining the principles of law invoked by the plea, we cite : *White v. Life Asso.*, 63 Ala. 425 ; *McGraw v. Tombeckbee R. R.*, 5 Porter 547 ; *Knighton v. Curry*, 62 Ala. 405 ; *Henderson v. Huey*, 45 Ala. 285 ; *Cullom v. Emanuel*, 1 Ala. 23 ; *Phares v. Barbour*, 49 Ills. 370 ; *Mathews v. Aiken*, 1 N. Y. 603 ; *Vose v. R. R. Co.*, 50 N. Y. 369 ; *Tice v. Annin*, 2 Johns' Ch. 125 ; *Cheesebrough v. Millard*, 1 Johns' Ch. 409 ; *Hayes v. Ward*, 4 Johns' Ch. 123 ; *Marsh v. Pike*, 1 Sandford Ch. 210 ; *Baker v. Briggs*, 8 Pick. 122 ; 2 Leading Cases in Equity, pp. 2, 1879, 1890, 1908 ; 1 Story's Equity, §§ 324 to 328 ; Harris on Subrogation, §§ 453, 545 ; Brandt on Suretyship, §§ 370-1-2, 586.

The purchase of the land at the chancery sale by the Grays inured to the benefit of the appellants.—*Greer v. Wintersmith*, 7 Am. St. Rep. 614 ; *Fears v. Albea*, 5 Am. St. Rep. 78 ; *Shermer v. Merrill*, 33 Mich. 284.

DORTCH & MARTIN, *contra.*—There was no release of the defendants according to the facts set forth in their plea. The question is whether or not on the averments of the plea, the sureties have been discharged or released. This doctrine is not simple shadow without substance. Hence, says Mr. Daniel when there is legal impossibility of injury, the principle of release does not apply.—2 Daniel on Negotiable Instru., (2d ed.), 300, §1313 ; *Driskell v. Mateer*, 80 Amer. Dec. 105.

HARALSON, J.—The appellants, Denson and Smith, defendants below, sold lands to Whatley and McKnight in trust for the Attalla Land & Improvement Company. Part of the money was paid in cash. Eight notes were executed by George W. Haskell for the remainder of the purchase money, four of them in different amounts, falling due at different dates payable to defendant, Smith ; an equal number, in amounts and dates were given, payable to defendant, Denson ; another for $553.23 was payable six month after date, to Francis M. Gray ; another for $1,070.26, to Sylvester and F. A. Gray, payable six

months after date, with interest from date, and still another,—the one here sued on,—to said Sylvester and F. A. Gray, in the same amount as the one last mentioned, payable twelve months after date, with interest from date. Each of said notes, the one to said Francis M. Gray, and the two to Sylvester and F. A. Gray, bearing the same date, as seems, were indorsed by the defendants, Denson and Smith; and Sylvester and F. A. Gray indorsed their two notes, including the last one named and here sued on, with the indorsements on them, to the plaintiff, Allen Gray. The note in suit was payable at the bank of Attalla, and not having been paid at maturi-was, as is·alleged, protested for non-payment, of which defendants were notified.

The deed of defendants, Denson and Smith, by which they conveyed these lands as above stated, contains the following provision: "And whereas, said Smith and Denson have indorsed the notes herein mentioned, as executed to Francis M. Gray and Sylvester and F. A. Gray, it is understood, that if said Smith and Denson, or either of them, have to pay said notes, then they are subrogated to all claims and liens the said Grays may have to subject the land herein described to the payment of said note, (notes), and a lien is hereby created on said lands in favor of said Smith and Denson, to secure them from all loss, because of the indorsement of said notes, and the vendor's lien is hereby reserved to pay all the notes herein mentioned; the privilege of a lien is reserved to W. H. Denson and W. H. Smith for the payment of their notes over and above all other notes."

What Haskell and the Grays had to do with the sale of this land by defendants to Whatley and Mc-Knight in trust, is not disclosed, further than is indicated from the foregoing statements. It is manifest, however, that the Grays held a prior and superior lien on these lands, which had to be discharged before a complete title could vest in the trustees for the Improvement Company; and by their deed to Whatley and McKnight for that company, Denson and Smith, reserving a vendor's lien to themselves, provided in substance, that if Geo. W. Haskell, the maker of said notes, failed or refused to pay them at maturity, and they, as the indorsers, had to do so, then, in that event, they should be subrogated to all claims and

[Denson *et al.* v. Gray.]

liens the said Grays, (Francis M. and Sylvester and F. A. Gray), might have to subject the land to the payment of said notes.

The defendants pleaded the general issue, and another plea numbered 2, in which they set up their release as indorsers of plaintiff.

Denson and Smith as appears by their deed, a part of said 2d plea, held the legal title to these lands, subject to the prior liens, to which, by the terms of the deed, they were to be subrogated, in the event, as indorsers of said notes, they had to pay the same.

The purchase money for these lands as shown by the deed, amounted to $8,435.61, seventeen hundred and sixty-six and 66–100 dollars having been paid in cash, and notes were given for the residue, amounting to $6,668.95. The plea states, that all the notes mentioned in the deed have been paid except the one in this suit, for $1,070.26. It further avers, "that G. W. Haskell was the maker of and executed all of said notes, and defendants indorsed the three notes made payable to the said Grays, mentioned in said deed," which includes the note sued on to Sylvester and F. A. Gray, and which was indorsed by them on the 14th September, 1891, to plaintiff before maturity,—on the 3d of December, 1891. It plainly appears that defendants indorsed the notes at the time they were executed. It is also averred, that the plaintiff was present when defendants executed the said deed "and knew and fully understood the terms of said deed and conditions under which defendants indorsed said notes." The plea, then, makes it appear, that defendants being the owners of the land, sold them to Haskell and associates, retaining a lien on them for the whole unpaid purchase money, first to secure the payment of the four notes to defendants,—two of them to Smith, and two to Denson, for $496.90, each, aggregating $1,987.60. But, inasmuch as the Grays held a prior lien on the lands, in order to secure the discharge of the same, notes for the amounts due them, respectively, were made payable to them and indorsed by Denson and Smith, with the understanding, that if Haskell did not pay these notes, and Denson and Smith had them to pay, they should be subrogated to all claim and liens the Grays had to subject the lands to the payment of the same, and a lien was reserved to Denson

and Smith on the lands to secure them from all loss because of their indorsement of said notes to the Grays. The indorsement of the note by defendants created an implied contract on their part that the note should be duly honored; and if not, upon due protest. and notice, they would pay the amount to the indorsee, or to any subsequent holder.—*McGhee v. Importers & Traders Nat. Bank,* 93 Ala. 194; Story on Bills of Exchange, §§ 108, 109, 111, 225, 323; Story on Prom. Notes, § 135; 1 Daniel on Neg. Instr., § 669a. An indorser, as to his obligation to pay, is that of a surety to all who stand before him on the paper, and is entitled to all the benefits that relation confers, so that most acts that will discharge the one also discharge the other.—*Bates v. The Bank,* 2 Ala. 691; *Stodder v. Caldwell,* 20 Ala. 225; 1 Brandt on Suretyship, §§ 2, 127. When Denson and Smith indorsed these notes, therefore, at the time they were executed, being irregular indorsers, they became sureties for the maker, that the notes should be paid at maturity, and if not, and they were duly protested and notice of their dishonor was given, they would pay them; and when Sylvester and F. A. Gray, to whom the one in suit was made payable, indorsed the same to the plaintiff, Allen Gray, whatever interest they had in it, was transferred by their indorsement of the note to plaintiff, and defendants were sureties to him, with the same rights and liabilities as they had, and were under to the said original payees, Sylvester and F. A. Gray.—2 Am. & Eng. Encyc. of Law, 384. .

The question is presented, then, whether, on the averments of the plea, the plaintiff has done anything to impair the obligation of the surety indorsers, or to release them from their obligation as such. The plea avers, that F. M. Gray, to whom one of the notes for $553.23 was payable, filed his bill in chancery, on the 19th January, 1892, to enforce the lien on the lands mentioned in the said deed, for the payment of the same, to which suit, Sylvester and F. A. Gray, were made parties; that on the 17th June, 1892, following, the plaintiff, Allen Gray, filed his bill in the chancery court also, to enforce the lien mentioned in said deed, on the lands therein described, for the payment of the note on which this suit is founded, said note having been transferred to him by the indorsement of said Sylvester and F. A.

Gray on the 14th September, 1891, as stated above; that on the 24th February, 1892, a decree of sale was granted in favor of said F. M. Gray in her said suit, under which the lands were sold, and the plaintiff, Allen Gray, and said F. M. Gray, by agreement entered into between them for the purpose, bid in said lands at the sale, at and for $70—the costs in said chancery suit—and left the decree for the debt unpaid; that the sale was confirmed by the court, and the register executed a deed to the purchasers, to the lands, and they went into the possession and are now in possession of them; that since said purchase, the plaintiff has not prosecuted his said chancery suit, to enforce his alleged lien on said lands, for the payment of the note here sued on, but he and said F. M. Gray, having purchased the said lands as aforesaid, and being in possession under their said purchase, now "claim to own the same, free and unincumbered from all the liens mentioned in [said deed] Exhibit A. to this plea, and deny all right in defendant, W. H. Denson [and W. H. Smith] to have said lands subjected to the payment of the note, the basis of this suit;" that plaintiff is in the possession of an undivided interest in said lands, which is worth many times more than the amount of the note sued on in this case; that on the 28th September, 1892, said F. M. Gray brought suit in the city court of Gadsden, on the note on which the chancery court rendered a decree of sale of said lands, and under which they were sold, against these appellants and L. B. Whatley, who was also, with appellants, an indorser on said note, and judgment was rendered therein, on the 19th February, 1894, and defendant, Denson, paid said judgment and costs, and that, on August 2d, 1894, the plaintiff, Allen Gray, commenced this suit, to recover judgment on the note described, to enforce the collection of which he had already filed his said bill in chancery, which chancery suit, commenced as stated, is still pending unprosecuted to a final decree. It is further averred, that Haskell, the maker of said note, is a non-resident and insolvent.

On this state of facts, set up in said plea, the defendants, Denson and Smith, aver that they have been discharged as indorsers of said note.

It appears that F. M. Gray and plaintiff are in posses-

sion of said lands at a joint cost to them of $70; that the decree in F. M. Gray's chancery suit for her debt has been paid by appellant, Denson; that the lands were sold in the beginning by Denson and Smith for $8,435.61; that the note sued on for $1,070.26, is the only part of the purchase money remaining unpaid; that the undivided half interest in the lands, of which the plaintiff is in possession, is worth many times more than the amount of the note sued on; that the plaintiff, with said F. M. Gray, being in possession of said lands, claim to own the same free and unincumbered of all right and claim of the defendants therein, and deny that they have any right to have said lands subjected to the payment of the note in suit. If this claim of right by plaintiff is true, it releases the defendants as indorsers on said note, and plaintiff has no right to enforce the collection of the same out of them. If defendants pay the note, they are entitled to the land as security for their debt, as provided by their deed. They have no further interest in the lands. If released from the payment of the note, they have no right in the lands. As to these sureties, the plaintiff has no right to the lands and the payment of the note to him in addition; he cannot have both. He has the lands and claims them as his own, free from all right in or recourse to them by defendants, in any event. This estops him from suit to enforce the collection of the note. Having made his choice to take the lands in lieu of the note, as he might have done, he is concluded by the choice.

The demurrer to the 2d plea should have been overruled.

The court having sustained the demurrer to this plea, the cause was tried on the other plea of the general issue.

By section 14, of the act establishing the city court of Gadsden, (Acts, 1890-91, p. 1092), it is provided that when the court tries a civil or criminal cause without a jury, as the case at bar was tried, "either party may by bill of exceptions also present for review the conclusions and judgments of the court on the evidence, and the Supreme Court shall review the same without any presumption in favor of the court below on the evidence, and if there be error, shall render such judgment in the cause as the court below should have rendered, or re-

verse and remand the same for further proceedings in said city court, as the Supreme Court shall deem right." This is a copy, as to civil cases, of section 7 of the act regulating the practice and proceedings in civil cases in the circuit court of Jefferson county.—Acts, 1888-89, p. 797. We have heretofore twice construed this act, holding, when the record fails to disclose that there was any exception reserved to the conclusion and judgment of the court below on the evidence, this court, by the terms of the statute, is without jurisdiction or authority to review the correctness of the conclusion and judgment of the court on appeal.—*Hood v. Pioneer M. & M. Co.*, 95 Ala. 461; *Williams v. Woodward I. Co.*, 106 Ala. 254.

The bill of exceptions in this case does not disclose that there was any exception reserved to the conclusion and judgment of the court below, and we are without authority to pass upon its finding on the evidence. This renders it immaterial to consider the rulings of the court below on the admission of evidence, against the objection of defendants, for which errors are here assigned.

The judgment for the error in sustaining the demurrer to the 2d plea must be reversed, and the cause remanded.

Reversed and remanded.