# Alabama Fruit Growing and Winery Association v. Garner.

*Action on Bill of Exchange.*

1. *Finding and judgment of the court on the evidence reviewed only by bill of exceptions.*—Where the act creating an inferior court provides that on a trial by the court without a jury, "either party may by bill of exceptions present for review the conclusion and judgment of the court on the evidence, and the Supreme Court shall review the same without any presumption in favor of the court below on the evidence," these questions cannot be reviewed unless the bill of exceptions shows what the conclusion and judgment of the court were, and that exceptions were reserved thereto.

2. *Objections to evidence not reviewable, when.*—Where a cause is tried by the court without a jury, errors in admission of evidence will not reverse the cause, unless the judgment of the court on the evidence is presented for review.

APPEAL from Cleburne County Court.

Tried before Hon. T. J. BURTON.

The appellee sued the appellant on a bill of exchange. From a judgment for plaintiff, defendant appeals. The opinion states the case.

MERRILL & BRIDGES, for appellant.

[Alabama Fruit Growing and Winery Association v. Garner.]

PELHAM & ACKER, *contra*, cited, *Williams v. Wood-ward Iron Co.*, 106 Ala. 254; *Denson v. Gray*, 113 Ala. 608, 616; *Holmes v. State*, 108 Ala. 24; *Woodrow v. Hawving*, 105 Ala. 240; *Ramey v. Peeples*, 108 Ala. 476, 479.

BRICKELL, C: J.—This appeal is from a judgment rendered by the county court of Cleburne County in a cause tried by the court without the intervention of a jury. In section 12 of the act creating said court (Acts 1896-7, p. 802) it is provided that when a cause is tried by the court without the intervention of a jury "either party may by a bill of exceptions also present for review the conclusions and judgments of the court on the evidence, and the Supreme Court shall review the same without any presumption in favor of the court below on the evidence, and, if there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings, as the Supreme Court shall deem right." In construing provisions expressed in the same language, contained in the act creating the circuit court of Jefferson County, and in that creating the City Court of Gadsden, this court has held that on an appeal from a judgment rendered in a cause tried by said courts without the intervention of a jury, the bill of exceptions must show what the conclusions and judgment of the trial court were, and unless the same are thus disclosed this court is without jurisdiction to review the action of the trial court in that behalf, although it may appear from the minutes of the court as certified to us what conclusion was reached and what judgment was rendered. *Williams v. Woodward Iron Co.*, 106 Ala. 254; *Denson v. Gray*, 113 Ala. 608. We have also held that unless an exception is reserved to the conclusion and judgment of the trial court, they cannot be reviewed. *Hood v. Pioneer Min. & Mfg. Co.*, 95 Ala. 461. The bill of exceptions fails to disclose what was the judgment of the court below, and also fails to show that any exception thereto was reserved. We are, therefore, without jurisdiction to review the correctness of the judgment. The only assignments of error, besides that going to the correctness of the court's finding on the facts, relate to the admission of evidence against the

[Prestwood v. Eldridge.]

objections of appellant.    Since we are unable to review
the judgment, the rulings of the trial court on the objec-
tions to the evidence, even if erroneous, cannot work
a reversal of the judgment, and it is, therefore, unneces-
sary to consider them.    *Denson v. Gray, supra.*

Let the judgment be affirmed.