[Hoge v. Herzberg.]

# Hoge *v.* Herzberg.

### *Action to recover Damages for Deceit.*

1. *Action for deceit; may be brought in county where wrong is done.*—An action to recover damages for deceit, being an action *ex delicto*, may be brought in the county where the wrong complained of was committed, although such county is not the place of residence of the defendant; and therefore a plea in abatement, setting up that the defendant has a permanent residence in a county other than that where the suit was brought, is subject to demurrer.

2. *Construction of act declaring powers and jurisdiction of City Court of Gadsden; rule of practice on appeal; trial of court without a jury.*—Under Section 15 of the Act "to declare the powers and jurisdiction of the city court of Gadsden in Etowah county," (Acts 1900-01, p. 1288) providing that where a cause is heard by the city court without a jury, either party to a civil cause "may by bill of exceptions also present for review the conclusions and judgment of the court on the evidence, and the Supreme Court shall review the same," the Supreme Court cannot review the conclusion and judgment of said city court upon the evidence unless it is disclosed in the bill of exceptions that an exception was reserved thereto upon the rendition of said judgment.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellee, L. L. Herzberg, as surviving partner of Herzberg Brothers, against John F. Hoge, to recover damages resulting to the plaintiff for having purchased certain cotton from the defendant which defendant represented belonged to him. The complaint as amended contained five counts. The substance of the 5th count is stated in the opinion, and under the decision on the present appeal it is unnecessary to set out at length the other counts of the complaint.

To the defendant's plea in abatement, setting up that at the time the action was commenced and at the time of the filing of said plea, the defendant had a permanent residence in a county other than Etowah county, wherein the suit was instituted. The plaintiff demurred upon the grounds that the cause of action was *ex delicto* and not *ex contractu* and that therefore said plea failed to show or allege any facts that authorized the abatement of the suit. This demurrer was sustained. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment in favor of the plaintiff. The defendant appeals and assigns as error the rulings of the court to the pleadings, and the rulings upon the evidence and the rendition of judgment in favor of the plaintiff.

C. DANIEL, for appellant.

G. C. ALLEN, *contra.*

SHARPE, J.—As amended the complaint in this cause consisted of counts numbered, respectively, 4 and 5. Omitting a statement therein of damages, count 5 is as follows: "The plaintiff claims of defendant the further sum of $150.60 damages for deceit in the sale of one bale of lint cotton, which the defendant sold to plaintiff as his own property and at the time of the sale knew to be the property of another and upon which the owner had executed to Thos. L. Johnson & Co., a mortgage of which defendant had notice, yet defendant sold said cotton as his own, thus deceiving plaintiff and thereby inducing him to buy said cotton to his injury, and after said sale plaintiff was sued by Thos. L. Johnson & Co., for the conversion of said cotton, and plaintiff says that he gave defendant notice of said suit, and that Thos. L. Johnson & Co. recovered judgment against him for the conversion of said cotton for the sum of, to-wit," etc.

[Hoge v. Herzberg.]

To the action it was pleaded in abatement merely that at the time the action was commenced and when the plea was filed, defendant had a permanent residence in a county other than that of suit. This plea was subject to the demurrer thereto interposed. Whatever may have been the character of count 4 of the complaint, count 5 above set out, is clearly in tort and was, therefore, one which under section 4205 of the Code, the plaintiff had a right to bring either in the county of defendant's residence or in that where the wrong was done. Since the plea went to the maintenance of the action as a whole it is immaterial to the question of venue whether count 4 was on contract or in case.

In appellant's brief it is suggested that "There is no competent evidence shown in the record that there ever was a mortgage on the cotton," and that evidence of the judgment of T. L. Johnson & Company was improperly admitted. The bill of exceptions does not purport to show all the evidence, nor does it negative that there was competent evidence of the mortgage, and a familiar rule forbids that the court be put in error unless error be affirmatively shown. Assuming in accordance with that rule that there was competent evidence of the mortgage, evidence of the judgment was relevant on the subject of damage.

The case was tried under section 15 of the act "To declare the powers and jurisdiction of the city court of Gadsden, in Etowah county" (Acts, 1900-01, p. 1288) which provides "that in the trial of any cause at law, either civil or criminal, without a jury in said city court in addition to the question which may be under existing laws presented to the Supreme Court for review, either party to the civil cause, or the defendant in the criminal cause, may by bill of exceptions, also present for review the conclusions and judgments of this court on the evidence, and the Supreme Court shall review the same," etc. Here it does not appear from the bill of exceptions that the conclusion or judgment of the court on the evidence was excepted to, and there being no other authorized mode of presenting the same for review this court is without jurisdiction to review or pass

on the judgment rendered on the merits of the cause. *Denson v. Gray,* 113 Ala. 608; *Williams v. Woodward Iron Co.,* 106 Ala. 254; *Hood v. Pioneer, etc.,* 95 Ala. 461.

The above disposes of the assignments of error insisted on in appellant's briefs. Those not insisted on are considered as waived.

Judgment affirmed.