[Fleming v. The State.]

# Fleming *v.* The State.

## *Indictment for Gaming.*

1. *Construction of act creating city court of Gadsden; rule of practice on appeal; trial by court without jury.*—Under the statute creating and establishing the city court of Gadsden (Acts 1900-01, p. 1298), providing that where a cause is tried by the court without a jury "either party may, by bill of exceptions, also present for review the conclusions and judgment of the court on the evidence," etc., the appellate court can not review the correctness of the conclusion and judgment of the court upon the evidence, unless it is disclosed in the bill of exceptions that an exception was reserved thereto.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant in this case was indicted, tried and convicted for gaming. Under the opinion on the present appeal it is unnecessary to set out the facts in detail.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State, cited *Denson v. Gray;* 113 Ala. 608; *Ala. etc. Co. v. Garner,* 119 Ala. 70.

ANDERSON, J.—This case was tried by the judge without a jury. There is no error in the record, and the defendant seeks by bill of exceptions to have us review the ruling of the trial judge upon the facts.

Section 15 of the Act of 1900-01, page 1298, declaring the powers and regulating the jurisdiction of the City Court of Gadsden is as follows: "Be it further enacted, That in the trial of any cause at law, either civil or criminal, without a jury in said city court in addition to the question which may be under existing laws, presented to the Supreme Court for review, either party to the civil cause or the defendant in the criminal cause, may by

bill of exceptions, also present for review the conclusions and judgments of this court on the evidence, and the Supreme Court shall review the same without any presumption in favor of the court below, on the evidence, and if there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings in the said city court as the supreme court shall deem right."

While the bill of exceptions in this case contains the finding of the judge, it does not show that an exception was taken to the conclusion reached by him. We have often held in construing this section as contained in many acts relating to inferior courts, that where the record failed to show that there was an exception reserved to the conclusion and judgment of the court below on the evidence, this court by the terms of the statute, is without jurisdiction or authority to review the correctness of the conclusion of the judge upon the evidence.—*Denson v. Gray*, 113 Ala. 608; *Ala. Winery Co. v Garner*, 119 Ala. 70; *Murray v. Monk*, in MS.

The judgment of the city court is affirmed.

McClellan, C. J., Tyson and Simpson, J. J., concurring.