# Morey *v.* Monk.

*Action to recover Benefit from Life Insurance.*

1. *Trial without jury; conclusion and judgment of the court upon the evidence must be shown in bill of exceptions, and exception must be shown, before same can be reviewed on appeal.* In the trial of a cause by the court without the intervention of a jury the bill of exceptions must show what the conclusion and judgment of the trial court on the evidence were, and unless the same are disclosed, the Supreme Court is without jurisdiction to review the action of the trial court in that behalf, although it may appear from the minute entry what judgment was rendered. If the bill of exceptions discloses the judgment but fails to contain an exception thereto, the ruling of the trial court cannot be reviewed.

2. *Same; same; case at bar.*—Section 14 of the Acts of 1875-6, providing for the trial of causes by the City Court of Selma, without a jury, authorizes a review by the Supreme Court of the conclusion and judgment of the City Court of Selma upon the evidence, only when such conclusions and judgment are shown in the bill of exceptions and the bill of exceptions contain exceptions thereto.

3. *Same; same; rulings of the trial judge upon the admissibility of evidence may be reviewed, when properly presented by bill of exceptions, when the judgment and conclusions on the evidence cannot be reviewed.*—The fact that the judgment of the trial court, where a cause is tried without a jury, cannot be reviewed on appeal, because the bill of exceptions fails to show what the judgment was and fails to note exceptions thereto, does not prevent the review by the Supreme Court of the

[Morey v. Monk.]

rulings of the trial judge upon the admissibility of evidence (Overruling *Alabama Fruit Growing and Winery Association v. Garner,* 119 Ala. 70.)

4. *Same; same; same; case at bar.*—In an action by the heirs at law of an intestate to recover, from the step-son of such intestate, the amount paid by a benefit society to such step-son, on an insurance policy in such society, where the laws of the State and the rules of the order, at the time the policy was issued, required that the beneficiary be either a "member or members of his family, blood relations or person or persons dependent on him" the ruling of the trial court as to the facts, and the soundness of his conclusions and judgment, where same are not shown by the bill of exceptions and exception shown to have been taken thereto, are presumed to have been correct, unless based on evidence improperly admitted.

5. *Construction and interpretation of laws of benefit order by its officers; not binding on courts or members of order.*—The decisions of a benefit order, or of its officers, has no binding effect on the members or their beneficiaries, and the construction given to any of the provisions of a contract of insurance by the officers of the society is not binding on the courts, and the members are not bound by any acts, which may have been done by them under such a construction. Evidence showing such decisions and interpretations is properly excluded.

6. *Evidence; when that relating to family relations and surroundings of intestate is admissible.*—Where an issue in a case is whether or not defendant was a member of intestate's family, evidence relating to the family relations and surroundings, the exercise of dominion and control by the intestate over the household, of which defendant was one, and the ownership of the house in which they resided as one and the same family, is pertinent to show that defendant was a member of intestate's family and that intestate was the head thereof, and is properly admissible.

7. *Defendant may show his right and title to thing in controversy.* While, as a rule, the plaintiff has to rely on the strength of his title to the thing in controversy, this doctrine does not preclude the defendant from showing a right and title thereto.

8. *Same; case at bar.*—In an action by the heirs at law of an intestate to recover from the intestate's step-son, who has been named as beneficiary in a benefit certificate, the proceeds of such certificate, the application of membership of intestate, the benefit certificate to intestate's wife, who was also de-

Vol. 142.

[Morey v. Monk.]

fendant's mother, the surrender after her death, the benefit
certificate of defendant, the payment of assessments by the in-
sured and the proof of his death, relate to the history of the
insurance contract and to the defendant's right and title
thereunder, and are properly admissible in .evidence.

APPEAL from the City Court of Selma.

Tried before the Hon. J. W. MABRY.

This is an action by the appellants, A. J. and Robert
H. Morey and Mrs. Helen M. Niles, to recover from the
appellee, W. S. Monk, two thousand dollars, being the
proceeds of a benefit certificate in the Knights of Honor
on the life of plaintiff's intestate, Major R. R. Morey.
Major Morey in his life time was a member of the
Knights of Honor, a benefit society incorporated under
the laws of Missouri. His original benefit certificate
was payable to his wife, Mrs. Almira Morey. She died
in 1886. From her death in 1886 until 1891, when Major
Morey had another certificate issued made payable to
William S. Monk, his step-son, no beneficiary had been
designated. In 1902, Major Morey died, leaving no wife
and no children nor descendants of children, but leaving
as his heirs at law the plaintiffs in this case, A. J.
Morey, Robert Morey and Helen M. Niles, his two broth-
ers and his sisters. The Knights of Honor paid the
amount of the benefit certificate to William S. Monk,
whereupon the brothers and sister of the deceased mem-
ber, Major Morey, bring this suit against him to recover
this. money. The complaint contained the .common
counts for money had and received to the use of plain-
tiffs, and the following special count: "Plaintiffs claim
of defendant the sum of two thousand dollars, the pr-
ceeds of a benefit certificate in the Knights of Honor, on
the life of plaintiff's intestate, had and received by the
defendant on to-wit, May 1st, 1902, to the use of the
plaintiffs, which sum of money with the interest thereon,
is due and unpaid, and is the property of the plaintiffs."
Issue was joined on the plea of the general issue. The
case was tried by the judge of the city court of Selma
without a jury. The section of the act establishing the
city court of Selma, in regard to trials by the court
12c

without a jury, is set out in the opinion. The charter of the Knights of Honor provides for the payment of the benefit fund to such "member or members of his family; blood relatives, or person or persons dependent on him as he may direct and designate by name." The opinion contains a statement as to the provisions of the statutes of Missouri, in which State the Knights of Honor were organized, and the laws of the order, regulating what persons may be named as beneficiaries. The plaintiff offered to introduce in evidence six decisions of the Supreme Dictator of the Knights of Honor, bearing upon the questions involved. To the introduction of these decisions of the Supreme Dictator, the defendant objected. The court sustained the objections of the defendant, and the plaintiffs duly excepted, and assign the action of the court in sustaining such objections as error. The defendant asked the witness Parrish the following questions: "Who provided for that family while you were there?" Who composed Major Morey's family when you left Major Morey's family?" "Whether or not there was a family garden spot or garden." "Who attended to the cultivation of the garden." "Did not Major R. R. Morey have general supervision of the place up to the time of his death?" The plaintiffs objected to the asking of each of said questions. The court overruled these objections, and to the action of the court in overruling each of said objections, the plaintiffs separately and severally excepted. The defendant's counsel asked defendant, as a witness: "Whose orders and requests, if any one's, did you obey during the time from Mrs. Morey's marriage to the time of defendant's marriage?" To this question the plaintiffs objected, and duly excepted to the action of the court in overruling such objection. The defendant asked the witness, Mrs. Morey, a sister-in-law of Major Morey, the following questions: "Who supplied the groceries up to that time (November, 1890) from July?" "Was it (the provision for maintenance of the household) that year (October, 1890, to October, 1891) as it had been in the years previous?" The plaintiffs objected to each of these questions, and sepa-

rately excepted to the action of the court in overruling each of said objections. The defendant asked the witness Mrs. Monk, the question: "Who administered to the wants and comforts of Major ·Morey from the time of your marriage to Mr. Monk to the time of Major Morey's death?" To this question the plaintiffs objected, and duly excepted to the action of the court in overruling such objection. There was judgment for the defendant, but the bill of exceptions does not show that the plaintiff excepted to the rendition of such judgment. From this judgment the plaintiff appeals, and assigns the various rulings of the trial court, as set out above, and the rendition of such judgment, as error.

McLeod & Vaughan, and J. E. Wilkinson, for appellants.—In the event of failure of designation, or invalid designation, the benefit is payable as provided by the laws of the order. In this case, the designation was invalid; therefore, the benefit was payable as provided by the laws of the order, as in failure of designation. Beneficiary be "a member of the family, widow, orphan or kindred dependent of the members." Defendant belongs to none of these classes unless it is the family. Defendant had no insurable interest in the life of Major Morey; the society had no power to create a fund payable to any one who stood in relation to step-son to a member of the society; the designation of defendant as beneficiary being invalid, the benefit was payable to the heirs at law, the plaintiffs in this case; the relation of step-son did not constitute defendant a member of intestate's family, and if it did, the relation was dissolved by the death of defendant's mother.—Bacon on Ben. So. & Ins., § 250, p. 479, Vol. 1; Biddle on Ins., Vol 1, p. 188; *U. B. Aid Society v. McDonald,* 122 Pa. 24; Ency. of Law, Vol. 3, p. 938; Right, Remedies & Practice, Vol. 4, p. 3635; 9th Amer. St. Report, 111;*Gilbert v. Moose,* 13 Insurance Law Journal, 297. A person's family does not embrace step-children; certainly not unless the step-child is dependent upon the step-father. It is the relation and the dependence on the relation, and not the aggregation of

individuals that constitute a family.—*Allen v. Manassee & Moseley,* 4 Ala. 556; 17 Ala. 488; 55 Ala. 354. The family must be persons who are dependent in some measure on the head for support. When defendant was a minor dependent upon Major Morey for his support or education, he may have been a member of the family; after his arrival at majority, independent of Major Morey for support, death of his mother, and marriage, he cannot be held to be a member of intestate's family.

PETTUS, JEFFRIES and PARTRIDGE, *contra.*—The conclusions and judgment of the trial court must be presented by the bill of exceptions, or they cannot be reviewed on appeal. Moreover, an exception must be shown to have been reserved to the judgment, or it can not be reviewed.—*Hood v. Pioneer M. & M. Co.,* 95 Ala. 461.

To the conclusions of the trial court on the evidence, there was no exception shown by the bill of exceptions to have been reserved.. Hence this court is without authority to review such conclusions. This court has, consequently, no jurisdiction to review the evidence and cannot consider the rulings of the lower court thereon. *Williams, Admr. v. P. M. M. Co.,* 106 Ala. 256. The rulings of the trial court, under the circumstances, even if erroneous, cannot work a reversal of the judgment. *Ala. Fruit G. Assn. v. Gardner,* 119 Ala. 70; *Denson v. Gray,* 113 Ala. 609; *Hood v. Pioneer M. & M. Co.,* 95 Ala. 462.

In determining the limitations of the word "family," the statute must be construed liberally, and in such manner as to carry out the benevolent purpose sought to be provided for.—*Am. L. of H. v. Perry,* 140 Mass. 589; *Ballow v. Gile,* 50 Wis. 614. Family, in an extended sense, comprehends all the individuals who live under the authority of another.—*Whaley v. Whaley,* So. Mo. 577.

The courts are the forums for the construction of the contract, and the rulings of the officers of the order are inadmissible.—*Wiggins v. K. of P.,* 31 Fed. Rep. 122;

Niblack on Ben. Soc., 143, 145; *Davidson v. Sup. Lodge of K. of P.,* 22 Mo. App. 263.

Those questions the answers to which shed light upon the question of whether or not Monk was a member of Morey's family were certainly admissible.—*G. L. v. Minstry,* 67 Mo. App. 82; *Duncan v. Frank,* 8 Mo. App. 286.

The papers admitted in evidence go to show the history of the transaction and the chain of appellee's title, and were properly admitted.

ANDERSON, J.—This case was tried by the judge of the city court of Selma without a jury, and judgment was rendered for defendant, and the appeal is taken from said judgment.

Section 14 of the Acts of 1875-76, p. 390, establishing the city court of Selma is as follows, to-wit: "Be it further enacted, That in the trial of any cause at law without a jury, in addition to the questions which may be presented to the Supreme Court for review, under the existing laws and rules of court, either party may, by a bill of exceptions, also present for review the conclusion and judgment of the court upon the evidence; and the Supreme Court shall review the same without any presumption in favor of the ruling of the court below on the evidence, and in case there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings, as to the Supreme Court shall seem right."

The bill of exceptions, not only fails to disclose any exception to the judgment of the court below, but fails to show what was the judgment. In construing provisions expressed in the same language, relating to the county court of Cleburne county, § 12, p. 808 Acts 1896-7, "Regulating proceedings in civil cases in Jefferson county," (Acts, 1888-89, § 7, p. 800), and creating the city court of Gadsden, (Acts 1890, § 14, p. 1098), our court has held that the bill of exceptions must show what the conclusion and judgment of the trial court were, and unless the same are disclosed, this court is without jurisdiction to review the action of the trial

court in that behalf, although it may appear from the minute entry what conclusion was reached and what judgment was rendered.—*Alabama Fruit Growing & Winery Association v. Garner*, 119 Ala. 70; *Williams v. Woodward Iron Co.*, 106 Ala. 254; *Denson v. Gray*, 113 Ala. 608.

It has also been held that even if the bill of exceptions disclosed the judgment and failed to contain an exception thereto, that the ruling of the court cannot be reviewed.—*Hood v. Pioneer Mining & Mfg. Co.*, 95 Ala. 461.

The only assignments of error, other than the correctness of the finding of the court, relate to rulings on the admissibility of the evidence. Since the judgment can not be reviewed, we are forbidden by the case of *Alabama Fruit Growing & Winery Association v. Garner, supra*, from passing upon the rulings of the trial judge upon admissibility of the evidence. But we consider the doctrine therein declared upon this particular proposition, unsound, and the same is hereby overruled. This case seems to be based upon the opinion in *Denson v. Gray, supra*, but a careful examination of the last named case, will disclose the fact that this point was not adjudicated and there were no facts calling for the misleading expression on the subject, which doubtless influenced the writer of *Alabama Fruit Growing Winery Association v. Garner, supra*.

It appears from the record that the sole issue before the trial judge, was, whether or not W. S. Monk ,the substituted beneficiary, after the death of his mother, the original beneficiary, belonged to a class capable of taking, under the rules of the order and the statute of the State of Missouri regulating said order? At the date of the issuance of the benefit certificate, the statute of Missouri, the State in which the Knights of Honor were incorporated, restricted such societies in the payment of benefits, to families, widows, orphans or other kindred dependents of deceased members. The charter of the association provides for the payment of the benefit fund to such "member or members of his family,

blood relations or person or persons dependent on him as he may designate by name."—Article 9, § 4, of the order.

Section 6 of the article, provides that "upon the death of the original beneficiary designated by the member, before the decease of such member, if he shall not have procured another benefit designating other beneficiaries, in accordance with the requirements of § 4 of this article, the benefit shall be paid to the widow and children of the deceased member, if no widow to his children, if no children to his widow, and if neither widow nor children, then to his heirs. And if no person or persons be entitled by the laws of the order to receive such benefit, it shall then revert to the Widow and Orphan benefit fund."

Plaintiff's contention is, that upon the death of Mrs. Morey, the original beneficiary, Maj. Morey had the right to name another, but that the one so named had to belong to one of the classes enumerated in section 4 of the article, and that the defendant Monk, while a step-son of the insured, did not come under either class of beneficiaries. That the designation of Monk as a beneficiary was invalid, and while he was named as such and collected the $2,000.00, being unable to take under the statute and the rules of the order, he collected this money for the benefits of the plaintiffs, who are entitled thereto as the heirs of Maj. Morey.

The defendant contends, however, that the designation was not invalid, as he was a member of the family of Maj. Morey, the insured, and therefore comes within one of the enumerated classes.

The trial judge had this question to determine and which seems to have been the sole issue, and as we are unable to review his ruling on the facts, or to question the soundness of his conclusion, we will have to pass upon the admissibility of the evidence, with reference to its application to this particular issue, and with the assumption that the conclusion of the trial judge was correct, unless based on evidence improperly admitted.

. Assignments of error 1, 2, 3, 4, 5 and 6 refer to the ruling of the judge in sustaining objections of the defendant to the introduction of construction and interpretation of the laws of the order by the Supreme Dictator. The decision of the order or of its officers, were of no binding effect on these parties.—*Manson v. Grand Lodge,* 30 Minn. 509. The construction given, to any of the provisions of a contract of insurance by the officers of the society is not binding upon the courts, and the members cannot be bound by any acts which may have been done by them under such a construction.—Niblack on Ben. Soc.; § 143; *Wiggins v. K. of P.* (C. C.) 31 Fed. Rep. 122; *Davidson v. Supreme Lodge K. of P.,* 22 Mo. App. 263.

Assignments 7, 8, 9, 10, 11, 17, 19, 20, 21 and 22 relate to the admissibility of evidence relating to the family relations and surroundings, the exercise of dominion and control by Maj. Morey over the household and the ownership of the house in which they resided as one and the same faimily. The evidence was not only pertinent to show that defendant was a member of Maj. Morey's family, but that Morey was the head thereof and, therefore, related to the sole issue in the case.—Niblack on Ben. Soc., §§ 194, 195; *Grand Lodge v. McKinstry,* 67 Mo. App. 82.

The other assignments refer to the admissibility of the application of membership, the benefit certificate to Mrs. Morey, the surrender after her death and the benefit certificate of the defendant and the payment of assessments by the insured and the proof of his death. All of this evidence related to the history of the insurance contract and to the defendant's right and title thereunder. As a rule the plaintiff has to rely on the strength of his title, but we do not understand such a doctrine as precluding the defendant from showing a right and title to the thing in controversy.

We do not mean to express an opinion, as to whether or not the plaintiff could recover this money after the order had paid it to the defendant, who was the beneficiary named in the policy.

Affirmed.

McCLELLAN, C. J., HARALSON, TYSON, DOWDELL, SIMPSON, and DENSON, J.J., concurring.