# Rarden *v.* Salter.

### *Assumpsit.*

(Decided May 11, 1911.   55 South. 456.)

1. *Bills and Notes; Pleadings; Payment.*—Where the complaint claimed for balance due on a note, a plea thereto averring payment prior to the commencement of the suit was not subject to demurrer since the plea must be taken as affirming the payment of the, debt declared on in the complaint, notwithstanding it was for an attorney's fee, since it was as much a part of the note as the principal and the interest.

2. *Courts; Findings; Review; Necessity of Exception.*—Under the act creating the city court of Bessemer (Acts 1900-1, p. 1862), the court of appeals will not review the conclusion and judgment of the trial court where no exception is reserved to its finding on the facts and judgment thereon.

[Rarden v. Salter.]

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by J. W. Rarden against W. H. Salter for balance due on note. Judgment for defendant and plaintiff appeals. Affirmed.

GOODWYN & ROSS, for appellant. The court erred in overruling demurrers to the 2nd plea.—*Cowan v. Campbell,* 31 So. 439. The court erred in sustaining demurrers to plaintiff's replication numbered 2, 5 and 6.— Secs. 3321 and 3328, Code 1907.

ESTES, JONES & WELCH, for appellee. No exception was reserved to the finding of the lower court, and hence, its findings cannot be reviewed on appeal.— *Gadsden D. Co. v. Kennedy S. & C. Co.,* 39 So. 622. The court was not in error relative to the pleading as it was not shown that any attorney's fees was recoverable.— 8 Cyc. 221, et seq.

A. E. WALKER, for C. L. Haley, appeared for the purpose of moving to dismiss the appeal as to C. L. Haley, for the reason that no citation was served upon him, or other notice of appeal.

PELHAM, J.—This suit was originally commenced by appellant against appellee in the court of a justice of the peace in Jefferson county for $5, alleged to be balance due on a note as attorney's fee. The appeal here is prosecuted from the city court of Bessemer, where there was judgment for defendant (the appellee).

The first assignment of error goes to the trial court's overruling appellant's (plaintiff's) demurrer to appellee's (defendant's) plea No. 2. This plea is one of payment, averring payment of the note sued upon prior

[Rarden v. Salter.]

to the commencement of the suit. The complaint claims "$5 for attorney fee due by note made," etc. The plea must be taken as affirming a payment of the debt for the recovery of which suit was brought, and is sufficient. The demurrer to it was properly overruled. Under the averments of the complaint, the attorney's fee was due and payable, just the same as the principal and interest would have been, had it not been paid. The case as made on the pleadings is for the recovery of the balance due on the note. It makes no difference that the balance due is the attorney's fee, and is no part of the principal and interest, proper, of the note. It is nevertheless the balance due on the instrument sued upon, and the defendant by his second plea avers he has paid the note upon which the suit is brought, including, as we construe it, the balance involved in suit; i. e., the attorney's fees. Evidently the trial court so construed it, and allowed evidence on that issue to be introduced upon the trial, as shown by the bill of exceptions, and no injury on that account was suffered by the plaintiff. Under the issues as presented by the complaint and pleas, as we construe the pleadings, and as they were evidently construed by the trial court, as shown by the testimony set out in the bill of exceptions, the plaintiff could get full benefit on the trial of all the matters set up in his replications to the defendant's plea No. 2. The testimony set out in the bill of exceptions shows that the plaintiff did get the full benefit of all such matters on the trial, and the action of the court in sustaining defendant's demurrers to the plaintiff's replications to plea No. 2, if error, was without injury.

The only other error assigned by the appellant is that the trial court erred in rendering judgment for the defendant (appellee). The trial was had before the court without a jury, and the record shows no exception re-

served to the finding or judgment of the court; nor does the bill of exceptions show an exception reserved to the judgment of the court. The Supreme Court and this court, in construing similar acts as to the act establishing the city court of Bessemer (Act Feb. 28, 1901 [Acts 1900-01, p. 1862] § 14), have held that we cannot review the conclusion and judgment of the trial court, where no exception is reserved to the primary court's action. —*Greek American Produce Co. v. L. & N. R. R. Co.,* Infra, 55 South. 455, at this term of the Court of Appeals; *Hood v. Pioneer M. & Mfg. Co.,* 95 Ala. 461, 11 South. 10; *Williams, Adm'r, v. Woodward Iron Co.,* 106 Ala. 254, 17 South. 517; *Gadsden Distillery Co. v. Kennedy Stave & Cooperage Co.,* (Sup.) 39 South. 622; *Denson v. Gray,* 113 Ala. 608, 21 South. 925.

We find no error in the record, and the judgment is affirmed.

Affirmed.